IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| AMERICAN IMMIGRATION LAWYERS ASSOCIATION<br>1331 G Street, NW, Suite 300<br>Washington, DC 20005<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br>Office of the General Counsel<br>3801 Nebraska Avenue, NW<br>Washington, DC 20528<br><br>and<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION<br>Office of the Chief Counsel<br>1300 Pennsylvania Avenue, N.W.<br>Washington, DC 20229<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____ |

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

### Introduction

1.      This action seeks to compel the United States Customs and Border Protection

("CBP"), a component of the United States Department of Homeland Security ("DHS"), to

disclose records the American Immigration Lawyers Association ("AILA") requested under the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, relating to the CBP's Officer's

Reference Tool ("ORT"), which replaced CBP's Inspector's Field Manual as a reference for

CBP personnel to use during the inspection and admission of individuals into the United States.

AILA seeks declaratory, injunctive, and other appropriate relief in view of Defendants' unlawful withholding of these documents.

2.      Plaintiff AILA is a voluntary bar association of more than 14,000 attorneys and law professors practicing, researching, and teaching in the field of immigration and nationality law.  Its mission includes the advancement of the law pertaining to immigration and nationality and the facilitation of justice in the field.  AILA members regularly advise and represent businesses, United States citizens, lawful permanent residents, and foreign nationals regarding the application and interpretation of United States immigration laws, including eligibility for visas and admission to the United States, and the processes associated with applying for visas and admission at a United States port of entry.

3.      CBP, a component of Defendant DHS, is the largest law enforcement agency in the United States.  CBP is the primary agency tasked with enforcement of rules surrounding inspection and admission at the United States border and ports of entry.  Almost a million times each day, CBP officers welcome international travelers into the United States.   CBP uses a variety of techniques to screen both foreign visitors and returning United States citizens to ensure that the country remains safe.

4.      As such, CBP's policies and practices regarding inspection and admission are of vital importance to members of the immigration bar and to the general public.

5.      In 2007, in response to a FOIA requests, CBP released a redacted copy of the ORT's predecessor, the Inspector's Field Manual ("IFM").  At that time, the IFM was the primary reference tool utilized by CBP officers during the inspection and admission process.  In 2013, CBP began to phase out the IFM and indicated its intention to replace the IFM with the

2

ORT. Despite having previously provided a redacted copy of the IFM to the public, CBP has

failed to provide any portion of the ORT to the public, even in redacted form.

6.      On July 10, 2013, AILA submitted a FOIA request to CBP ("2013 FOIA

Request"), requesting any and all documents related to the discontinuation by CBP of the use of

the IFM as a reference tool, the implementation of the ORT as a reference tool, and an actual

copy of finalized and implemented portions of the ORT.  A copy of the 2013 FOIA Request is

attached hereto as **Exhibit A**.

7.      On July 10, 2013, CBP sent AILA an email, acknowledging receipt of the 2013

FOIA request and assigning a reference number to it:  File Number 2013F27968.  A copy of this

CBP email is attached hereto as **Exhibit B**.  The FOIA Request subsequently was assigned

Tracking No. CBP-2013-022146, which corresponded with "Legacy Tracking No. 2013F27968."

8.      AILA has repeatedly pushed CBP to release the ORT, or portions thereof,

beginning with AILA's submission of the 2013 FOIA request.  In minutes from a May 28, 2013

liaison call between AILA's CBP Liaison Committee and CBP, CBP stated that it would not

release the ORT publicly.  On August 28, 2013, in a meeting between CBP and AILA's CBP

Liaison Committee, CBP declined to release a memorandum AILA requested because it was

included in the ORT.  On October 28, 2013, AILA's CBP Liaison Committee again met with

CBP officials and specifically asked about public release of the ORT, or portions thereof.  In

December 2013, AILA signed on to a joint letter to the Acting Commissioner of CBP requesting,

among other things, a copy of the ORT.  On April 10, 2014, AILA's CBP Liaison Committee

again asked CBP officials about public release of the ORT, or portions thereof.

9.      Having received no substantive response to its 2013 FOIA request, AILA filed an

administrative appeal with CBP on June 10, 2015, challenging CBP's constructive denial of the

2013 FOIA request.  A copy of AILA's administrative appeal is attached hereto as **Exhibit C**.

10.     CBP failed to respond to AILA's administrative appeal, other than to send a July

1, 2015 email with respect to AILA's fee waiver request.  A copy of CBP's email is attached

hereto as **Exhibit D.**

11.     When produced, AILA intends to publish the final and implemented portions of

the ORT on its website and make them available to its members.  Disclosure of the ORT will aid

members of the immigration bar in advising their clients, assist AILA and other non-

governmental organizations with ongoing liaison and advocacy efforts with respect to CBP

policies and practices, and inform the general public regarding the process of inspection and

admission to the United States.

12.     The IFM contained a wealth of information relevant to all categories of persons

seeking entry into the United States—including United States citizens, immigrants, and

nonimmigrants.  It addressed inadmissibility issues, standards for admission, and acceptable

evidence.  It also detailed the inspection process, including deferred inspection.

13.     AILA expects that the ORT will provide the same types of information as the

IFM.  Knowledge of CBP policies and practices will enable AILA and its partners to confirm

that they are consistent with prevailing law and to hold the agency accountable for any

violations.

14.     Although more than three years have passed since CBP received AILA's 2013

FOIA Request, CBP has not provided any responsive documents, notwithstanding AILA's filing

of an administrative appeal in 2015.  CBP's failure to produce the requested records violates

4

FOIA and is impeding AILA's efforts to assess and inform the public about CBP's use of the

ORT with respect to the inspection and admission of individuals into the United States.

## Jurisdiction and Venue

15.     This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C.

§ 552(a)(4)(B) and 28 U.S.C. § 1331.

16.     Venue properly rests with this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1391(e)(1)(C) because AILA's principal place of business is in the District of

Columbia.

17.     AILA has exhausted any and all administrative remedies in connection with the

2013 FOIA Request.

## The Parties

18.     AILA is a tax-exempt, not-for-profit organization under § 501(c)(6) of the

Internal Revenue Code.

19.     AILA's principal place of business is at 1331 G Street, N.W., Washington, DC

20005.

20.     Founded in 1946, AILA is an association of over 14,000 attorneys and law

professors who practice and teach immigration law.  AILA is a nonpartisan, not-for-profit

organization that provides its members and the public with continuing legal education and

information, primarily through a public website that is updated daily with the latest immigration

news and information, including agency guidance, interpretations and policy memoranda.  AILA

publishes newsletters and other print and electronic publications, and is contacted frequently by

national print and news media.  AILA seeks the requested information for the purpose of

disseminating it to its members and the general public.

4817-9456-3646.1

21.     AILA has the capacity and intent to disseminate widely the requested information. To this end, AILA will post the released documents on its website in a form that is accessible by any member of the public.  AILA's website receives an average of 470,000 page views per month.  Those who visit the website include immigration attorneys, media representatives, United States businesses, foreign nationals, and other interested members of the public. Moreover, information posted to AILA's website is often linked to the websites of other organizations and of immigration attorneys.  Consequently, AILA's dissemination of the requested information will reach a broad segment of the public that is interested in United States immigration issues.

22.     Defendant DHS is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f).

23.     DHS is responsible for enforcing federal immigration laws.

24.     Upon information and belief, DHS has possession and control over the records sought by AILA in the 2013 FOIA Request.

25.     Defendant CBP is a component of DHS.

26.     Among other duties, CBP is responsible for enforcing immigration laws at the borders and ports of entry to the United States.

27.     CBP inspects individuals seeking admission to the United States, including United States citizens, lawful permanent residents, nonimmigrants, and asylum seekers.

28.     CBP has authority to admit or exclude individuals, issue "expedited removal" orders, make arrests, detain noncitizens, and initiate removal proceedings.

29.     Upon information and belief, CBP has possession of and control over records requested by Plaintiff.

4817-9456-3646.1

**AILA's 2013 FOIA Request**

30.     On July 10, 2013, AILA submitted its 2013 FOIA Request to CBP, seeking three

categories of records:

- Instructions to the field/ports-of-entry regarding the discontinuation of the CBP Inspector's Field Manual (IFM) as a reference tool for CBP field personnel during the inspection and admission of individuals at United States air, land and sea ports-of-entry, including pre-clearance offices located outside the United States.

- Instructions to the field/ports-of-entry regarding the implementation of the new CBP Officer's Reference Tool (ORT) for use during the inspection and admission of individuals at United States air, land and sea ports-of-entry, including preclearance offices outside the United States.

- A complete copy of the portions of the ORT that have been finalized and implemented for use in the field/ports-of-entry. AILA also asked that this FOIA request be treated as a "rolling" request and that copies of future sections of the ORT be released as they are finalized and implemented.

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k)(1), AILA also requested a waiver

of all fees related to its 2013 FOIA Request.  (*See* **Exhibit A** hereto.)

**CBP's Failure to Respond as Required**

31.     On July 10, 2013, CBP sent AILA an email acknowledging receipt of AILA's

2013 FOIA Request.  (*See* **Exhibit B** hereto.)

32.     To date, CBP has failed to produce any records in response to AILA's 2013 FOIA

Request or to provide any written response to AILA explaining the reasons for CBP's failure to

produce such records.

**AILA's Administrative Appeal**

33.     On June 10, 2015, AILA filed an administrative appeal based on CBP's failure to

respond to the 2013 FOIA Request within the statutory time frame.  (*See* **Exhibit C** hereto.)

4817-9456-3646.1

(none)

34.     On July 1, 2015, CBP sent an email to AILA with respect to its fee waiver request.  (*See* **Exhibit D** hereto.)

35.     AILA has received no further response from CBP regarding its 2015 administrative appeal or its 2013 FOIA Request.

36.     Upon information and belief, Defendants have failed to make reasonable efforts to search for responsive records.

37.     Defendants have violated the applicable statutory time limit for the processing of FOIA requests.

## AILA's Entitlement to a Waiver of Processing Fees

38.     In its 2013 FOIA Request, AILA asked that CBP waive all fees associated with responding to the request because disclosure of the requested records is "likely to contribute significantly to public understanding of the operations or activities of the government" and "is not primarily in the commercial interest of the requestor." 5 U.S.C. § 552(a)(4)(A)(iii).

39.     On July 1, 2015, CBP sent AILA an email stating that AILA's request for a fee waiver "has been determined to be not applicable as the request is not billable."  (*See* **Exhibit D** hereto.)

40.     AILA assumes that this July 1, 2015 email means that CBP will not seek to collect from AILA any fees associated with responding to the 2013 FOIA Request.

41.     Should AILA's interpretation of CBP's July 1, 2015 email be mistaken, and CBP in fact intends to bill AILA for fees associated with responding to the 2013 FOIA Request, AILA maintains that it is entitled to a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), based on the following facts, all of which were referenced in AILA's 2013 FOIA Request:

(a)     The disclosure of the information sought in AILA's 2013 FOIA Request is in the public interest because such information is likely to contribute to an understanding of CBP operations as they pertain to the inspection and

admission of individuals seeking entry into the United States. The information sought is not already in the public domain and its release will contribute to an increased understanding of admissions procedures, and standards for nonimmigrant and immigrant applicants for admission. This information will be of significant value to visitors, permanent residents, nonimmigrant workers, and U.S. employers who seek to transfer foreign nationals from an overseas parent, subsidiary, or affiliate company to work in the U.S. for a temporary period.

(b)     Historically, AILA has synthesized and widely disseminated information received in response to FOIA requests, including prior requests to CBP concerning its policies and practices. AILA has the capacity to do the same in this instance should the information ultimately produced by CBP appear to be in the public interest.

(c)     AILA does not seek the requested information for commercial gain, but rather for the purpose of educating immigration attorneys, noncitizens, and other interested members of the public.

## FIRST CAUSE OF ACTION

**Violation of Freedom of Information Act
for Failure to Respond within the Time Required**

42.     AILA repeats, alleges and incorporates the allegations in paragraphs 1- 41 above, as if fully set forth herein.

43.     Within 20 days after receiving the 2013 FOIA Request (excluding Saturdays, Sundays, and legal public holidays), CBP was required under 5 U.S.C. § 552(a)(6)(A)(i) to determine whether to comply with the request and to notify AILA of its determination and the reasons therefor and of its rights to appeal any adverse determination.

44.     AILA has received no communications from CBP (or DHS) that contain the notification required by 5 U.S.C. § 552(a)(6)(A)(i).

45.     Defendants' failure to respond within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A), as well as the regulations promulgated thereunder.

4817-9456-3646.1

## SECOND CAUSE OF ACTION

### Violation of Freedom of Information Act for Failure to Conduct a Reasonable Search and to Disclose Responsive Records

46.     AILA repeats, alleges and incorporates the allegations in paragraphs 1 - 41 above, as if fully set forth herein.

47.     Defendants were obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to AILA's 2013 FOIA Request, and to promptly produce them to AILA, including in the format requested by AILA if they are readily reproducible in that format.

48.     Upon information and belief, CBP has not conducted a reasonable search for records responsive to the 2013 FOIA Request.

49.     CBP has not produced any records responsive to the 2013 FOIA Request.

50.     CBP has not produced any responsive records in the format requested by AILA.

51.     AILA has a legal right to obtain the records requested in the 2013 FOIA Request, and no legal basis exists for Defendants' failure to search for and disclose them.

52.     Defendants' failure to conduct a reasonable search for and to produce records responsive to AILA's request violates 5 U.S.C. §§ 552(a)(3), as well as the regulations promulgated thereunder.

## THIRD CAUSE OF ACTION

### Violation of the Freedom of Information Act for Failure to Grant Plaintiff's Public Interest Fee Waiver Request

53.     AILA repeats, alleges and incorporates the allegations in paragraphs 1 - 41 above, as if fully set forth herein.

54.     Based on the facts outlined above, AILA was entitled to a waiver of fees associated with responding to the 2013 FOIA Request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

55.     Pursuant to 5 U.S.C. § 552(a)(4)(A)(viii), AILA is independently entitled to a waiver of fees associated with searching for records responsive to the 2013 FOIA Request because (a) Defendants failed to respond to the 2013 FOIA Request within the statutory time limit, and (b) no unusual or exceptional circumstances (as defined in 5 U.S.C. § 552(a)(6)(B) and (C)) excuse Defendants' delay in responding.

56.     Any denial of AILA's request for a fee waiver violates 5 U.S.C. §§ 552(a)(4)(A)(iii) and (viii) and the regulations promulgated thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, AILA requests that judgment be entered in its favor and against Defendants, and that the Court:

(a)     Declare that Defendants' failure to respond to AILA's 2013 FOIA Request within the statutory time limit, their failure to search for records responsive to AILA's request, and their failure to disclose such responsive records violate FOIA;

(b)     Order Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, for, or on behalf of Defendants to conduct a prompt, reasonable search for records responsive to AILA's 2013 FOIA Request;

(c)     Enjoin Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of either Defendant from withholding records responsive to AILA's 2013 FOIA Request and order Defendants to promptly produce the same;

(d)     Order Defendants to waive the fees associated with AILA's 2013 FOIA Request;

(e)     Award AILA its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(f)     Grant all other such relief to AILA as the Court deems just and equitable.

4817-9456-3646.1

Dated:  December ___, 2016

Respectfully submitted,

_____
Melissa Crow (#453487)
mcrow@immcouncil.org
AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW, Suite 200
Washington, DC  20005
Telephone:  (202) 507-7523
Fax:  (202) 742-5619

Naikang Tsao (Wisconsin Bar #1036747)
*Pro Hac Vice Pending*
ntsao@foley.com
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI  53703
Telephone:  (608) 258-4250
Fax:  (608) 258-4258

*Attorneys for Plaintiff American*
*Immigration Lawyers Association*

4817-9456-3646.1