# EXHIBIT A



AILA National Office
Suite 300
1331 G Street, NW
Washington, DC
20005-3142

Tel: 202.507.7600
Fax: 202.783.7853

www.aila.org

Crystal Williams
*Executive Director*

Susan D. Quarles
*Deputy Executive Director*

July 10, 2013

U.S. Customs and Border Protection
FOIA Division
799 9th Street NW, Mint Annex
Washington, District of Columbia, 20229-1181

**Submitted Via eFOIA**

**Re: Freedom of Information Act Request**

Dear Sir or Madam:

The American Immigration Lawyers Association (AILA) submits this letter as a request for information under the Freedom of Information Act (FOIA), 5 USC §552, et. seq.

**RECORDS SOUGHT**

During a telephonic meeting between AILA's CBP Liaison Committee and officials of the CBP Office of Field Operations (OFO), OFO officials informed AILA that the Inspector's Field Manual was being withdrawn and replaced with a new CBP Officer's Reference Tool. We understand that the Officer's Reference Tool is partially complete and that new sections will be completed on a rolling basis.

AILA requests any and all records[1] which were prepared, received, transmitted, collected and/or maintained by U.S. Customs and Border Protection (CBP)[2] which relate or refer in any way to the following:

- Instructions to the field/ports-of-entry regarding the discontinuation of the CBP Inspector's Field Manual (IFM) as a reference tool for CBP field personnel during the inspection and admission of individuals at United States air, land and sea ports-of-entry, including pre-clearance offices located outside the United States.

- Instructions to the field/ports-of-entry regarding the implementation of the new CBP Officer's Reference Tool (ORT) for use during the inspection

---

[1] The term "records" as used herein includes all records or communications preserved in electronic or written form, including but not limited to correspondence, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, training manuals, technical specifications, training materials or studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

[2] The term "CBP" as used herein means CBP headquarters offices, including any divisions, subdivisions or sections therein; CBP field operations offices, including any divisions, subdivisions or sections therein; CBP offices at ports of entry, including any divisions, subdivisions or sections therein; and/or any other CBP organizational structures.

- and admission of individuals at United States air, land and sea ports-of-entry, including pre-clearance offices outside the United States.

- A complete copy of the portions of the ORT that have been finalized and implemented for use in the field/ports-of-entry. We ask that this FOIA request be treated as a "rolling" request and that copies of future sections of the ORT be released as they are finalized and implemented.

AILA requests that any electronic records be provided in their native electronic format on a compact disc, digital video disk, or equivalent electronic medium. We ask that any documents stored in Portable Document Format (PDF) be provided as individual files in a searchable PDF format.

Finally, we ask that reasonable metadata be transmitted along with files, including but not limited to maintaining parent-child relationships between e-mails and their attachments, author information, and date and time stamp information. If any of the requested records or information are not kept in a succinct format, we request the opportunity to view the documents in your office.

As FOIA exempts information from disclosure if disclosure would lead to an unwarranted invasion of privacy, 5 USC §552(b)(6), all records that are responsive may be provided with personally identifying details redacted. Determination of this exemption requires "a balancing of the public's interest in obtaining the information against any possible invasions of privacy which would result from disclosure." *Burkins v. United States*, 865 F. Supp. 1480, 1502 (D. Colo. 1994). The Supreme Court has held that this balancing act does not preclude the disclosure of military records when names and other private details are redacted. *See, e.g., Dep't of the Air Force v. Rose*, 425 U.S. 352 (1976). Accordingly, requesters expect the release of all segregable portions of otherwise exempt material.

If under applicable law any of the information requested is considered exempt, please describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided.

**REQUEST FOR WAIVER OF ALL FEES**

Under 5 USC §552(a)(4)(A)(iii) and 6 CFR §5.11(k)(1), fees may be waived where the requester has demonstrated that (i) disclosure of the information is in the public interest in that it is likely to contribute significantly to public understanding of the operations or activities of the government; and (ii) disclosure of the information is not primarily in the commercial interest of the requester. DHS will consider four factors, set forth in 6 CFR §5.11(k)(2), when determining whether disclosure of the information is in the public interest. We address each factor in turn.

1. *The subject of the requested records concerns the operations and activities of the government*

    The requested records clearly concern the operations or activities of the government. U.S. Customs and Border Protection is a component of the U.S. Department of Homeland Security, a cabinet level department of the federal government. CBP is responsible, in part, for protecting our nation's borders and inspecting individuals seeking admission to the United States. The records we seek

relate to CBP's policies on inspecting and processing applicants for admission. This is very clearly an "activity" of CBP.

### 2. *Disclosure is likely to contribute to an understanding of government operations or activities*

Disclosure of the requested records is likely to contribute to an understanding of CBP operations as they pertain to the inspection and admission of individuals seeking entry into the United States. The information sought is not already in the public domain and its release will contribute to an increased understanding of adjudications, admissions procedures, and standards for nonimmigrant and immigrant applicants for admission.

### 3. *Disclosure of the information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons*

Founded in 1946, the American Immigration Lawyers Association (AILA) is an association of over 13,000 attorneys and law professors who practice and teach immigration law. AILA is a nonpartisan, not-for-profit organization that provides its members and the public with continuing legal education and information, primarily through a public website that is updated daily with the latest immigration news and information, including agency guidance, interpretations and policy memoranda. AILA publishes newsletters and other print and electronic publications, and is contacted frequently by national print and news media. AILA seeks the requested information for the purpose of disseminating it to its members and the general public.

AILA has the capacity and intent to disseminate widely the requested information to the public. To this end, AILA will post the released documents on its website in a form that is accessible by any member of the public. Individual pages on our website are visited an average of 675,000 times per month. Those who visit our website include immigration attorneys, media representatives, U.S businesses, foreign nationals, and other interested members of the public. Moreover, information posted to AILA's website is often linked to the websites of other organizations and of immigration attorneys. AILA will also disseminate the information through its newsletters, e-magazines (including its public magazine, VOICE), and other print and electronic publications. Consequently, our dissemination of the requested information will reach a broad segment of the public that is interested in U.S. immigration issues.

### 4. *The contribution to the public understanding of government operations or activities will be significant*

Disclosure of the requested information will contribute significantly to the public's understanding of the operations and activities of CBP by providing insight into the government's procedures for determining eligibility for admission into the United States. This information will be of significant value to visitors, permanent residents, nonimmigrant workers, and U.S. employers who seek to transfer foreign nationals from an overseas parent, subsidiary, or affiliate company to work in the U.S. for a temporary period.

In addition to the Immigration and Nationality Act and Title 8 of the Code of Federal Regulations, the CBP Inspector's Field Manual was a primary reference tool utilized by CBP officers during the inspection and admission process at the U.S. border and at ports-of entry for many years following the creation of the Department of Homeland Security in 2002. In the spirit of transparency, the IFM was available, in redacted form, to the public. Disclosure of the IFM has helped tourists, students, business visitors, U.S. businesses, lawful permanent residents, and their representatives, by ensuring that persons seeking lawful admission to the United States for a legitimate purpose are adequately prepared for the inspection process at a port-of-entry. In the employment-based context, processing delays at the border can jeopardize significant revenue streams, projects and/or contracts. With a clear understanding of CBP's requirements for admitting temporary nonimmigrant workers, U.S. employers benefit from a greater understanding of the process involved in the international transfer of personnel and can better plan for the future. Accordingly, the public availability of this critical reference tool has resulted in a more efficient admissions process, which in turn has had a positive impact on tourism and the U.S. economy. Because the ORT is replacing the IFM, disclosure of the ORT will similarly benefit the public's understanding of CBP operations, and will facilitate travel and efficiencies at ports-of-entry.

In determining whether disclosure of the information is not primarily in the commercial interest of the requester, DHS will consider two factors set forth in 6 CFR §5.11(k)(3). We address each factor below.

1. ***The requester does not have a commercial interest that would be furthered by the disclosure***

AILA is a nonpartisan, 501(c)(6) tax-exempt not-for-profit organization that provides its members and the public with continuing legal education and information, primarily through its website, www.aila.org, that is updated daily with the latest immigration news and information, including agency guidance, interpretations and policy memoranda. As described above, AILA seeks the requested information for the purpose of disseminating it to the general public, free of charge. As a non-profit organization, AILA clearly lacks any commercial interest in obtaining the requested records.[3]

2. ***The magnitude of any identified commercial interest to the requester is not sufficiently large in comparison with the public interest in disclosure***

According to 6 CFR §5.11(k)(3)(ii), a fee waiver or reduction is justified where the public interest "is greater in magnitude than that of any identified commercial interest in disclosure." This factor contemplates a weighing of the requester's commercial interest in the information against the value of disclosure to the public. As explained above, AILA has no commercial interest that would be furthered by the requested disclosure, while the public interest served in disseminating the records (as described in the first four factors) to the public is significant. Because AILA has no commercial interest in this request, this second factor is also satisfied.

---

[3] The term "commercial use request" refers to a request from or on behalf of one who seeks information for a use or purpose that furthers the commercial, trade, or profit interests of the requester. *See* 52 Fed. Reg. 10011, 11017–18 (Mar. 27, 1987).

Freedom of Information Act Request
July 10, 2013
Page 5 of 5

Pursuant to 5 USC §552(a)(4)(A)(v), please inform us if said charges will exceed $25.00. If you have any questions, please feel free to contact me or Betsy Lawrence at (202) 507-7600 or by e-mail at blawrence@aila.org.

Sincerely,

Robert P. Deasy
AILA Director, Liaison & Information
American Immigration Lawyers Association

5