UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
AMERICAN IMMIGRATION                        )
LAWYERS ASSOCIATION                         )
                                            )
    Plaintiff                              )
                                            )
    v.                                     )    Civil Action No. 16-2470 (TSC)
                                            )
U.S. CUSTOMS AND BORDER                     )
PROTECTION, *et al*.                        )
                                            )
    Defendants.                            )
_____)

## ANSWER

The Department of Homeland Security ("DHS") and its component United States Customs and Border Protection ("CBP") (collectively, "Defendants"), by and through the United States Attorney for the District of Columbia, file this Answer in response to the Complaint filed by the American Immigration Lawyers Association ("AILA" or "Plaintiff"). Upon information and belief, Defendants state as follows:

### FIRST DEFENSE

Materials requested by Plaintiff are exempt from disclosure under FOIA.

### SECOND DEFENSE

Materials requested by Plaintiff are not subject to disclosure under FOIA because they are not records that are readily reproducible by the agency.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

\* \* \*

In response to the numbered paragraphs in the complaint, Defendants answer as follows:

1. This paragraph consists of Plaintiff's narrative as to the nature of this action and contains legal conclusions to which no response is required. Defendants admit that Plaintiff submitted a Freedom of Information Act ("FOIA") request to Defendants.

2. Defendants lack sufficient knowledge to admit or deny the allegations regarding the characterization of Plaintiffs' organization.

3. Defendants admit that CBP is a component of the Department of Homeland Security and is the largest law enforcement agency in the United States. Defendants further admit that its immigration officers inspect individuals who arrive at U.S. ports of entry, including for immigration purposes. Defendants admit that on a typical day, CBP welcomes nearly one million visitors to the United States. Defendants admit that keeping terrorists and their weapons out of the U.S. while facilitating lawful international travel and trade is within CBP's mission. To the extent that there are remaining allegations, denied.

4. Defendants admit that its primary mission of border security is of vital importance. The remainder of this paragraph is a legal argument to which no answer is required, but to the extent an answer is required, denied.

5. Defendants admit that a document bearing the title (CBP) Inspector's Field Manual may be found online at CBP's reading room at https://foiarr.cbp.gov/streamingWord.asp?i=910. Defendants admit that as of the date Plaintiff filed its complaint Plaintiff had not received any documents in response to their FOIA request. On March 1, 2017, however Defendants completed reprocessing

Plaintiff's FOIA request and provided Plaintiff with those documents responsive to their request. Defendants deny the remaining allegations in this paragraph.

6.  Defendants admit that by letter dated July 10, 2013, Plaintiffs submitted a FOIA request and aver that the substance of the FOIA request speaks for itself. Defendants deny any remaining allegations.

7.  Admitted.

8.  Defendants lack sufficient knowledge or information about AILA's own records, minutes or documents maintained by AILA to admit or deny these allegations. To the extent public letters to the Commissioner or minutes of CBP Liaison Committee meetings exist, they speak for themselves. Defendant denies remaining allegations.

9.  Defendants lack sufficient knowledge or information regarding the motivations for Plaintiff filing an appeal. Defendants admit that AILA filed an administrative appeal on June 10, 2015. Defendants state the appeal documents speak for themselves.

10. Defendants admit that they provided plaintiff an e-mail on July 1, 2015 acknowledging receipt of the appeal. Defendants admit that CBP did not provide any further response to Plaintiff's administrative appeal.

11. Defendants lack knowledge or sufficient information to form a belief as to the truth of these allegations.

12. Defendants state that the document available on CBP's FOIA reading room, entitled the Inspector's Field Manual, at https://foiarr.cbp.gov/streamingWord.asp?i=910 speaks for itself. Defendants deny the remaining allegations.

13. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

14. Defendants admit that as of the date Plaintiff filed their complaint they had not received a response to their FOIA request. On March 1, 2017, however Defendants completed processing Plaintiff's FOIA request and provided Plaintiff documents responsive to their request. Defendants deny the remaining allegations in this paragraph. Defendants lack knowledge or sufficient information to form a belief as to the truth of how any CBP actions related to Plaintiff's FOIA affect Plaintiff's actions. The remainder of the paragraph contains legal conclusions and characterizations to which no answer is required.

## JURISDICTION AND VENUE

15. This paragraph consists of legal conclusions regarding jurisdiction to which no answer is required; however, Defendants admit that the Court has jurisdiction.

16. This paragraph consists of legal conclusions regarding venue to which no answer is required; however, Defendants admit that venue is proper in this judicial district.

17. This paragraph contains legal conclusions regarding exhaustion two which no answer is required; however Defendants admit that Plaintiff exhausted administrative remedies in connection with its 2013 FOIA request.

## PARTIES

18. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

19. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

20. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

21. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

22. Admitted.

23. Defendants admit that the DHS has a role in and authority with respect to enforcing federal immigration laws. To the extent that there are remaining allegations, denied.

24. This paragraph contains legal conclusions and characterizations to which no response is required.

25. Admitted.

26. Defendants further admit that its immigration officers inspect individuals who arrive at U.S. ports of entry, including for immigration purposes.

27. Defendants further admit that its immigration officers inspect individuals who arrive at U.S. ports of entry, including for immigration purposes. The remainder of this paragraph are legal conclusions and characterizations to which no response is required. To the extent a response is required, denied.

28. This paragraph contains legal conclusions and characterizations to which no response is required.

29. This paragraph contains legal conclusions and characterizations to which no response is required.

## AILA'S 2013 FOIA REQUEST

30.     Defendants admit that Plaintiffs submitted a FOIA request and states that the document speaks for itself.

## CBP'S FAILURE TO RESPOND AS REQUIRED

31.     Defendants admit that an e-mail was sent to Plaintiffs acknowledging receipt of their FOIA request and state that the document speaks for itself.

32.     Defendant admits that as of the date Plaintiff filed their complaint they had not received any documents in response to their FOIA request.  On March 1, 2017, however Defendant completed reprocessing Plaintiff's FOIA request and provided Plaintiff with those documents responsive to their request. Defendants deny the remaining allegations in this paragraph.

## AILA'S ADMINISTRATIVE APPEAL

33.     Defendants admit that Plaintiff filed an administrative appeal but lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph.

34.     Defendants admit that they provided Plaintiffs an e-mail on July 1, 2015 acknowledging receipt of the appeal.

35.     Defendants admit that CBP did not provide any further response to Plaintiff's administrative appeal.  Defendants admit that as of the date Plaintiff filed their complaint they had not received any documents in response to their FOIA request.  On March 1, 2017, however Defendants completed reprocessing Plaintiff's FOIA request and provided Plaintiff with those documents responsive to their request.

36.     Denied.

37. This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, denied.

## AILA'S ENTITLEMENT TO A WAIVER OF PROCESSING FEES

38. Defendants admit that Plaintiff's FOIA request included a fee waiver request and state that the document speaks for itself.

39. Defendants admit that it sent Plaintiff an e-mail on July 1, 2015, which speaks for itself.

40. Defendants lack sufficient information or knowledge to admit or deny Plaintiff's motivations, intentions or assumptions.

41. This paragraph contains legal conclusions and characterizations to which no response is required.

## FIRST CAUSE OF ACTION: VIOLATION OF FREEDOM OF INFORMATION ACT FOR FAILURE TO RESPOND WITHIN THE TIME REQUIRED

42. Defendants incorporates its responses to paragraphs 1-41 as set forth above.

43. This paragraph contains legal conclusions and characterization to which no response is required.

44. This paragraph contains legal conclusions and characterization to which no response is required.

45. This paragraph contains legal conclusions and characterization to which no response is required.

### SECOND CAUSE OF ACTION: VIOLATION OF FOIA FOR FAILURE TO CONDUCT A REASONABLE SEARCH AND DISCLOSE OF RESPONSIVE RECORDS

46. Defendants incorporate its responses to paragraphs 1-41 as set forth above.

47. This paragraph contains legal conclusions and characterization to which no response is required.

48. Denied.

49. Defendants admit that as of the date Plaintiff filed their complaint they had not received any documents in response to their FOIA request. On March 1, 2017, however Defendants completed reprocessing Plaintiff's FOIA request and provided Plaintiff with those documents responsive to their request.

50. Defendants admit that as of the date Plaintiff filed their complaint they had not received any documents in response to their FOIA request. On March 1, 2017, however Defendant completed reprocessing Plaintiff's FOIA request and provided Plaintiff with those documents responsive to their request.

51. This paragraph contains legal conclusions and characterizations to which no response is required.

52. This paragraph contains legal conclusions and characterizations to which no response is required.

### THIRD CAUSE OF ACTION: VIOLATION OF THE FREEDOM OF INFORMATION ACT FOR FAILURE TO GRANT PLAINTIFF'S PUBLIC INTEREST FEE WAIVER REQUEST

53. Defendants incorporate its responses to paragraphs 1-41 as set forth above.

54. This paragraph contains legal conclusions and characterizations to which no response is required.

55. This paragraph contains legal conclusions and characterizations to which no response is required.

56. This paragraph contains legal conclusions and characterizations to which no response is required.

## Prayer for Relief

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant denies all allegations not expressly admitted.

March 21, 2017                          Respectfully submitted,

>                                        CHANNING D. PHILLIPS, D.C. Bar No. 415793
>                                        United States Attorney
>                                        for the District of Columbia
>
>                                        DANIEL F. VAN HORN, D.C. Bar # 924092
>                                        Civil Chief
>
>                                        By:_____/s/_____
>                                        KENNETH ADEBONOJO
>                                        Assistant United States Attorney
>                                        Judiciary Center Building
>                                        555 4th Street, N.W. – Civil Division
>                                        Washington, D.C.  20530
>                                        Telephone: (202) 252-2562

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Defendants' Answer to be served upon Plaintiff's counsel via ECF.

/s/
KENNETH ADEBONOJO
Assistant United States Attorney
