## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                            )
**AMERICAN IMMIGRATION**                    )
**LAWYERS ASS'N,**                          )
                                            )
      **Plaintiff**                      )
                                            )      **Civil Action No. 16-2470 (TSC)**
      **v.**                            )      **(ECF)**
                                            )
**DEP'T OF HOMELAND SEC.,** *et al*.        )
                                            )
      **Defendants.**                    )
———————————————————————)

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c) and LCvR 7(h), the Department of Homeland Security, *et al*. ("Defendants" or "CBP"), by and through the undersigned counsel, respectfully submit this Motion for Summary Judgment in response to Complaint under the Freedom of Information Act, 5 U.S.C. § 552, filed by the American Immigration Lawyers Association ("Plaintiff").

As demonstrated by the attached Statement of Material Facts not in Genuine Dispute and Memorandum of Points and Authorities, Defendants are entitled to judgment as a matter of law as Defendants conducted a reasonable search, produced all documents responsive to Plaintiff's request and properly withheld information pursuant to FOIA's statutory exemptions.

June 7, 2017                        Respectfully submitted,

                                         CHANNING D. PHILLIPS, D.C. Bar No. 415793
                                         United States Attorney
                                         for the District of Columbia

                                         DANIEL F. VAN HORN, D.C. Bar # 924092
                                         Civil Chief

By:_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.   20530
Telephone: (202) 252-2562

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| ) | |
| **AMERICAN IMMIGRATION** ) | |
| **LAWYERS ASS'N,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No. 16-2470 (TSC)** |
| **v.** ) | **(ECF)** |
| ) | |
| **DEP'T OF HOMELAND SEC.,** *et al*. ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## [PROPOSED] ORDER

After considering this motion, the record herein, and applicable law, it is this _____ day of

_____, 2017, hereby

**ORDERED**, that the Defendants' motion is hereby GRANTED; and it is;

**FURTHER ORDERED**, that Summary Judgment is awarded to Defendants on all of

Plaintiff's FOIA claims, including the adequacy of Defendants' search for records and the

propriety of FOIA withholdings.

**FURTHER ORDERED**, that Plaintiff's complaint is dismissed with prejudice.


_____
HON. TANYA S. CHUTKHAN
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused a copy of the foregoing Defendants' Motion for Summary

Judgment to be served upon Plaintiff's counsel via ECF.

_____/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                      )
**AMERICAN IMMIGRATION**                )
**LAWYERS ASS'N,**                                )
                                                      )
              **Plaintiff**                          )
                                                      )        **Civil Action No. 16-2470 (TSC)**
              **v.**                                  )        **(ECF)**
                                                      )
**DEP'T OF HOMELAND SEC.,** *et al*.      )
                                                      )
              **Defendants.**                        )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(c) and LCvR 7(h), the Department of Homeland Security,

*et al*. ("Defendants" or "CBP"), by and through the undersigned counsel, respectfully submit this

Memorandum of Points and Authorities in Support of Defendants' Motion for Summary

Judgment in response to Complaint under the Freedom of Information Act, 5 U.S.C. § 552

("FOIA"), filed by the American Immigration Lawyers Association ("AILA" or "Plaintiff").

## INTRODUCTION AND SUMMARY

AILA submitted a FOIA request to CBP for records related to a discontinued and defunct

training manual as well as records related to implementation of a "finalized" version of a yet-to-

be completed new training manual.   CBP received the request, applied a reasonable

interpretation of same, and processed it through its offices that were most likely to have the

responsive records.   An actual "finalized" training manual does not exist.   Nevertheless, CBP

provided a document that serves as a placeholder in the absence of a "finalized" new training

manual after redacting information pursuant to FOIA Exemption (b)(7)(E).   CBP is entitled to

summary judgment because it conducted an adequate search for records based on a reasonable

interpretation of AILA's FOIA request and applied redactions for law enforcement information

pertaining to non-public border processing training information that if released could be

reasonably expected to risk circumvention of the law.

## BACKGROUND

Plaintiff's complaint follows a FOIA request submitted for "CBP's Officer's Reference

Tool ("ORT"), which replaced CBP's Inspector's Field Manual ("IFM") as a reference for CBP

personnel to use during the inspection and administration of individuals into the United States."

ECF No. 2 at 1, ¶ 1.   "On July 10, 2013, AILA submitted a FOIA request to CBP [], requesting

any and all documents related to the discontinuation by CBP of the use of the IFM as a reference

tool, the implementation of the ORT as a reference tool, and an actual copy of the finalized and

implemented portions of the ORT."   *Id*. at 3, ¶ 6 (a copy of the request letter is attached to

Plaintiff's complaint as Exhibit A).   At the time Plaintiff filed its complaint, AILA alleged

"CBP has not produced any records responsive to the 2013 FOIA request."   *Id*. at 10, ¶¶ 46-52.

In their "Complaint for Declaratory and Injunctive Relief" AILA seeks, inter alia, an order that

CBP conduct a search and refrain from withholding records responsive to their 2013 request.

*Id*. at 12-12.

Prior to Plaintiff's request, a memorandum had been sent to Field Operations directors

"instructing them to stop using the IFM as a source of information for passenger processing and

delete from their local webpages all links and references to the IFM."   *See* Exhibit A,

Declaration of James Ryan Hutton, Deputy Executive Director, Office of Field Operations

2

("OFO") ("Hutton Decl.") at 2, ¶ 4; *see also* ECF No. 2 at 2-3, ¶ 5 ("In 2013, CBP began to phase out the IFM and indicated its intention to replace the IFM with the ORT.").   There is no finalized ORT and "CBP has endeavored to develop a new [ORT]" that currently consists of "only two parts…Chapter 11 and Chapter 12" *See* Hutton Decl. at 2, ¶¶ 5-6.   "Chapter 11[]is an index that provides a list of various policies, memoranda, guides, manuals, musters and other related documents that are independent of the underlying content of the future chapters. The Chapter does not, itself, contain the underlying policies, but rather, provides a link to access the documents.."   *Id.*   "Chapter 12[] is an index that lists the laws, regulations and government systems that govern the admissibility of passengers at our ports of entry and may assist Officers during the course of their employment. The Chapter does not, itself, contain the underlying information, but rather, provides a link to access documents, websites, or systems.."   *Id.* at 2, ¶ 12.

To process the instant request, CBP's FOIA office "reached out to CBP's [OFO] who confirmed [the above]."   *See* Exhibit B, Declaration of Patrick Howard, CBP FOIA Branch Chief ("Howard Decl.") at 2, ¶ 4.   CBP's FOIA unit also reached out to CBP's Office of Training and Development ("OTD") [and OTD] confirmed that "they had no involvement with the development of the ORT and that it was under the purview of OFO."   *Id.*, ¶ 6.   On or about April 9, 2017, CBP "disclosed records relating to the discontinuation of the IFM…[and] [a]s the ORT has not been drafted, CBP did not locate any documents related to the implementation of the ORT" or the "actual" ORT as Plaintiff requested.   Howard Decl., at 2, ¶ 7.   Chapter 12 was released in full, but Chapter 11 was released subject to FOIA Exemption (b)(7)(E), which protects records compiled for law enforcement purposes, the release of which would disclose law

3

enforcement or investigatory procedures and technique and could reasonably be expected to risk circumvention of the law.   *Id.*, ¶ 8.   In this case, CBP redacted the titles of memoranda, musters, and associated records listed on the Chapter 11, which are independent of the index itself, because they "would provide insight into particularized law enforcement and immigration processes, which taken in the aggregate would provide insight into overall methods utilized by CBP" that are not currently known publicly   *Id.* ¶¶ 11-13.

## STANDARD OF REVIEW

### a.   General Summary Judgment Standard

Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).   A genuine issue of material fact is one that would change the outcome of the litigation.   *Id.* at 247.   "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case."   *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).   Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief.   In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986).

In *Anderson*, the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### b.  Summary Judgment Standard as Applied to FOIA Cases

FOIA cases are appropriately resolved at summary judgment. *See Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the Courts. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and, if applicable, that each document that falls within the class requested has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

"Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be 'conceded' for want of opposition. The burden is always on the movant to demonstrate why summary judgment is warranted. The nonmoving party's failure to oppose summary judgment

5

does not shift that burden.    The District Court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (internal quotations omitted). However, the court may treat any unaddressed factual statement in the defendant's motion as undisputed.    *See id*. at 507; LCvR 7(h)(1) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence, which show that the documents in question were produced or are exempt from disclosure.    *Hayden v. NSA*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1980); *Trans Union LLC v. FTC*, 141 F.Supp.2d 62, 67 (D. D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)).    *See also Public Citizen, Inc. v. Dep't of State*, 100 F.Supp.2d 10, 16 (D. D.C. 2000), *aff'd in part, rev'd in part*, 276 F.3d 634 (D.C. Cir. 2002).

## ARGUMENT

### a.       CBP Conducted an Adequate Search for Responsive Records

Plaintiff's FOIA request sought "any and all documents related to the discontinuation by CBP of the use of the IFM as a reference tool, the implementation of the ORT as a reference tool, and an actual copy of the finalized and implemented portions of the ORT."   ECF No. 2 at 3, ¶ 6.   Because CPB does not have an implemented ORT, it interpreted AILA's request to be for what it considered a substitute.   Based on this reasonable interpretation, CPB conducted an adequate search by contacting OFO and OTD before receiving confirmation that only OFO would have the responsive records, retrieving them to the extent they exist, and disclosing them to AILA with appropriate redactions.

One of the fundamental principles behind FOIA "is public access to government documents," requiring "agencies to make more than perfunctory searches and, indeed, to follow through on obvious leads to discover requested documents."   *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (citing *John Doe Agency v. John Doe Corp*., 493 U.S. 146, 151 (1989) and *Campbell v. DOJ*, 164 F.3d 20, 27 (D.C. Cir. 1998).   Therefore, an agency only "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"   *Id*., (quoting *Truitt v. Department of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

To demonstrate that it has performed an adequate search for responsive documents, an agency must submit a reasonably detailed affidavit describing the search.   *Hunton & Williams LLP v. United States EPA*, 2017 U.S. Dist. Lexis 48907 *28 (finding that the government

performed a reasonable search and granting summary judgment as to its adequacy).   An

affidavit is "reasonably detailed" if it "set[s] forth the search terms and the type of search

performed, and aver[s] that all files likely to contain responsive materials (if such records exist)

were searched."   *Oglesby*, 920 F.2d at 68; *see also Defs. of Wildlife v. U.S. Border Patrol*, 623

F.Supp.2d 83, 92 (D. D.C. 2009) (finding declaration deficient where it failed to detail the types

of files searched, the filing methods, and the search terms used).   To meet these requirements,

the affidavit must at least include the agency's "rationale for searching certain locations and not

others."   *Defs. of Wildlife*, 623 F.Supp.2d at 92; *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir.

2013) (affirming the grant of summary judgment where the agency provided a detailed

declaration articulating the search process).   Agency affidavits attesting to a reasonable search

"are accorded a presumption of good faith," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200

(D.C. Cir. 1991), that can be rebutted "with evidence that the agency's search was not made in

good faith," *Trans Union LLC v. FTC*, 141 F.Supp.2d 62, 69 (D. D.C. 2001), or when a review

of the record raises substantial doubt about the adequacy of the search effort. *Valencia-Lucena*,

180 F.3d at 326.

An agency's declarations "need not 'set forth with meticulous documentation the details

of an epic search for the requested records,'" *Defs. of Wildlife*, 623 F.Supp.2d at 91 (quoting

*Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982), but they should "describe what records were

searched, by whom, and through what processes."   *Id*. (quoting *Steinberg v. DOJ*, 23 F.3d 548,

552 (D.C. Cir. 1994).   Conclusory assertions about the agency's thoroughness are not sufficient.

*See Morley v. CIA*, 508 F.3d 1108, 1121-22 (D.C. Cir. 2007).   "'The issue is not whether any

further documents might conceivably exist but rather whether the government's search for

responsive documents was adequate.'   The adequacy of an agency's search is measured by a

'standard of reasonableness,' and is 'dependent upon the circumstances of the case.'"   *Weisberg*

*v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).

It bears noting that the adequacy of an agency's search for documents requested under

FOIA "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of

each case." *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).   Here, AILA

sought records related to the discontinuation of the IFM, implementation of the ORT as well as

the "finalized and implemented portions of the ORT."   ECF No. 2.   Because there is no

"finalized" ORT, there certainly are not records regarding its implementation.   Hutton Decl. at

2, ¶ 5.   Nevertheless, to accommodate AILA's request, CBP reasonably interpreted it to request

its working substitute for the not-yet-finalized ORT.   CBP "was bound to read [AILA's request]

as drafted, not as either agency officials or [the requester] might wish it was drafted," *see Miller*

*v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984), and its interpretation was reasonable.   *Gallace v.*

*Dep't of Agric.*, 2003 U.S. App. Lexis 20074 *3 (D.C. Cir. 2003) ("Agriculture's interpretation

of the request was reasonable[] and the interpretation was consistent with [its] obligation 'to

construe a FOIA request liberally[,]'" where the interpretation was based on the requester's

specific language); *Canning v. Dep't of State*, 134 F.Supp.3d 490, 517 (D. D.C. 2015) (An

"agency is not obligated to rewrite the request to ask for more than the requester did.").

"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search,

but by the appropriateness of the methods used to carry out the search."   *Ancient Coin*

*Collectors Guild v. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011).   In this case, there can be

no dispute that the "fruits of the search" is an improvised rather than "finalized" ORT.   FOIA

9

does not require agencies to create records that do not exist, and it is not a tool for requesters to improve agencies' internal practices and procedures.   *Tracy v. DOJ*, 191 F.Supp.3d 83, 93 (D.C. Cir. 2016); *Coleman v. DEA*, 134 F.Supp.3d 294, 304 (D. D.C. 2015) ("[T]he mere absence of emails, without more, does not render the DEA's search inadequate."). After inquiring from the offices likely to have knowledge about the ORT, CBP's OFO "confirmed that only two parts of the ORT exist-Chapters 11 and 12[,]" which have since been disclosed to AILA.   *Id*. at 2, ¶6; *see also* Howard Decl. at 2, ¶¶ 5-7; *Dillon v. DOJ*, 102 F.Supp.3d 272, 285-86 (D. D.C. 2015) ("As the FBI's declarations "exclude the possibility that records potentially responsive to [the] [p]laintiff's request are reasonably likely to be found in locations outside of the CRS," the Court concludes that its search was adequate.).   Thus, based on the foregoing, CBP respectfully requests that the Court find that its search was adequate and grant summary judgment on this issue.

### b.      CBP Properly Redacted Information under FOIA Exemption (b)(7)(E)

Although the records that an agency locates in response to an adequate search for records ordinarily must be produced, FOIA authorizes agencies to withhold certain documents and information; namely, those that satisfy the requirements of any of the nine statutory exemptions. *See Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011).   Here, CBP applied FOIA Exemption (b)(7)(E) to redact information that is not currently publicly known, which would provide insight into particularized law enforcement and immigration processes, which taken in the aggregate would provide insight into overall methods utilized by CBP.   *See* Hutton Decl. at 3, ¶ 10.

Exemption 7(E) protects law enforcement records or information when disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would

disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."   5 U.S.C. § 552(b)(7)(E).   CBP is a law enforcement agency for FOIA Exemption (b)(7)(E) purposes.   *McRae v. DOJ*, 869 F.Supp.2d 151, 169 (D. D.C. 2012) (holding that CBP "codes, case numbers, and other computer information pertaining to the TECS, NCIC, and databases…are techniques and procedures for law enforcement investigation."); *Touarsi v. DOJ*, 78 F.Supp.3d 332, 349 (D. D.C. 2015) (same); *Gamboa v. Exec. Office for United States Attys.*, 65 F.Supp.3d 157, 169 (D. D.C. 2014) (same).

This exemption generally protects information that would reveal law enforcement techniques and procedures that are not well known to the public as well as non-public details about the use, application, or deployment of well-known techniques and procedures.   *See, e.g.,* *Soghoian v. DOJ*, 885 F.Supp.2d 62, 75 (D. D.C. 2012) (protecting non-public details about use of electronic surveillance because disclosing what information is collected during surveillance, how it is collected, and when it is not collected could allow criminals to evade detection); *McGehee v. DOJ*, 800 F.Supp.2d 220, 236-37 (D.D.C. 2011) (finding that Exemption 7(E) does not require that techniques be unknown to public where release of non-public details of such techniques would allow them to be circumvented).

Courts are divided as to whether the phrase "if such disclosure could reasonably be expected to risk circumvention of the law" applies only to "guidelines" or also applies to "techniques and procedures."   *See Pub. Empl. For Envtl. Responsibility v. Int'l Boundary Water Comm'n ("PEER")*, 740 F.3d 195, 204 & n.4 (D.C. Cir. 2014).   However, the better-reasoned decisions recognize that providing categorical protection to "techniques and procedures" (*i.e.*, not requiring a showing that "disclosure could reasonably be expected to risk circumvention of

the law") is consistent with both the plain meaning of the statute and the history of the amendments to Exemption (7)(E) in 1986.   *See Allard K. Lowenstein Int'l Human Rights Project v. DHS*, 626 F.3d 678, 681 (2d Cir. 2010) (finding that the "sentence structure of Exemption (b)(7)(E)" and "basic rules of grammar and punctuation dictate that the qualifying phrase modifies only the . . . 'guidelines' clause" and that "[a]ny potential ambiguity in the statute's plain meaning is removed . . . by the history of the statute's amendments").   *See also, e.g.*, *Durrani v. DOJ*, 607 F. Supp. 2d 77, 91 (D.D.C. 2009) (techniques and procedures entitled to categorical protection under (7)(E)) (citation and quotation omitted); *Jewett v. U.S. Dep't of State*, Civil Action No. 11-cv-1852 (RLW), 2013 WL 550077, at *9 (D.D.C. Feb. 14, 2013); *Labow v. DOJ*, 66 F.Supp.3d 104 (D.D.C. 2014).

Even if a showing that "disclosure could reasonably be expected to risk circumvention of the law" were required to protect these "techniques and procedures" from disclosure, the "risk circumvention of the law" requirement presents a "low bar."   *See PEER*, 740 F.3d at 204 n.4 (saying that "it is not clear" that the issue of whether an agency needs to show that disclosure of a technique or procedure could reasonably be expected to risk circumvention of the law "matters much in practice" given the "low bar" for the circumvention requirement).   "[T]he text of exemption 7(E) is much broader" than other exemptions that "set a high standard."   *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009).   "Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] 'demonstrate[] logically how the release of [the requested] information might create a risk of circumvention of the law.'"   *See id*. (citation omitted).   Therefore, Exemption 7(E)

"exempts from disclosure information that could increase the risks that a law will be violated or that past violators will escape legal consequences."   *See id*. at 1193.

Here, according to the Hutton Declaration of CBC's OFO, CBP redacted "information titles of memorandums, musters, and associated documents that would reveal CBP's internal techniques, methods, procedures, and other sensitivities, to include the names of internal systems, law enforcement tools, and applications that are employed during the course of certain law enforcement actions."   Hutton Decl. at 3, ¶ 9.   The disclosure of these titles could allow third parties to circumvent CBP operations and undermine CBP's law enforcement role.   *Id*. Specifically, CBP redacted information that would "provide insight about particular types of programs that are not publicly known…[that] focus on particular categories of vulnerable populations or targeted populations that pose a national security or law enforcement risk, and would reveal where CBP focuses its resources and targets its law enforcement actions.   *Id*., ¶ 11. Programs that focus on particular categorizes of individuals would further reveal where CBP may have enforcement vulnerabilities and would allow individuals potentially to circumvent CBP processes and actions by exploiting those populations.   *Id*.   "Releasing information about training and the associated equipment procedures 'is tantamount to releasing information about the actual employment of the procedures and techniques themselves.'"   *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 160 F.Supp.3d 226, 243 (D. D.C. 2016); *Elec. Privacy Info. Ctr. v. Customs & Border Prot*., 2017 U.S. Dist. Lexis 42800 **10-11 (D. D.C. 2017) (noting that it was sufficient that there is a logical connection between the disclosure of records detailing the function, access, navigation, and capabilities that aid in the enforcement of customs and immigration laws and the risk that disclosure could facilitate circumvention of

13

the law.).   Thus, because the information in the index was properly withheld under FOIA

Exemption (b)(7)(E), CBP is entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, CBP is entitled to summary judgment regarding the adequacy

of its search and withholding information under FOIA Exemption (b)(7)(E).

June 7, 2017                                    Respectfully submitted,


CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Civil Chief

By:                   /s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.   20530
Telephone: (202) 252-2562

Attorneys for Defendants

14