# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                )
**AMERICAN IMMIGRATION**      )
**LAWYERS ASS'N,**                )
                                                )
         **Plaintiff**              )
                                                )    Civil Action No. 16-2470 (TSC)
        **v.**                      )    (ECF)
                                                )
**DEP'T OF HOMELAND SEC.,** *et al*.  )
                                                )
        **Defendants.**       )
_____)

## DEFENDANTS' STATEMENT OF MATERIAL FACTS

Pursuant to Fed. R. Civ. P. 56(c) and LCvR 7(h), the Department of Homeland Security and Customs and Border Protection ("Defendants" "CBP"), by and through the undersigned Counsel, respectfully submit this Statement of Material Facts along with a Memorandum of Points and Authorities in support of CBP's Motion for Summary Judgment.

1. Plaintiff's complaint follows a FOIA request submitted for "CBP's Officer's Reference Tool ("ORT"), which replaced CBP's Inspector's Field Manual ("IFM") as a reference for CBP personnel to use during the inspection and administration of individuals into the United States."  ECF No. 2 at 1, ¶ 1.

2. "On July 10, 2013, AILA submitted a FOIA request to CBP [], requesting any and all documents related to the discontinuation by CBP of the use of the IFM as a reference tool, the implementation of the ORT as a reference tool, and an actual copy of the finalized and implemented portions of the ORT."  *Id*. at 3, ¶ 6 (a copy of the request letter is attached to Plaintiff's complaint as Exhibit A).

3.	At the time Plaintiff filed its complaint, AILA alleged "CBP has not produced any records responsive to the 2013 FOIA request."  *Id*. at 10, ¶¶ 46-52.

4.	In their "Complaint for Declaratory and Injunctive Relief" AILA seeks, inter alia, an order that CBP conduct a search and refrain from withholding records responsive to their 2013 request.  *Id*. at 12-12.

5.	Prior to Plaintiff's request, a memorandum had been sent to Field Operations directors "instructing them to stop using the IFM as a source of information for passenger processing and delete from their local webpages all links and references to the IFM."  *See* Exhibit A, Declaration of James Ryan Hutton, Deputy Executive Director, Office of Field Operations ("OFO") ("Hutton Decl.") at 2, ¶ 4; *see also* ECF No. 2 at 2-3, ¶ 5 ("In 2013, CBP began to phase out the IFM and indicated its intention to replace the IFM with the ORT.").

6.	There is no finalized ORT and "CBP has endeavored to develop a new [ORT]" that currently consists of "only two parts…Chapter 11 and Chapter 12."  *See* Hutton Decl. at 2, ¶¶ 5-6.

7.	"Chapter 11[] is an index that provides a list of various policies and guides that are independent of the underlying content of the future chapters…[and] only the list of those policies is part of the Chapter.  The Chapter does not, itself, contain all of the policies and procedures."  *Id*.

8.	"Chapter 12 is an index that lists the laws and regulations that govern admissibility of passengers at our ports of entry."  *Id*. at 2, ¶ 12.

9.	To process the instant request, CBP's FOIA office "reached out to CBP's [OFO] who confirmed [the above]."  *See* Exhibit B, Declaration of Patrick Howard, CBP FOIA Branch Chief ("Howard Decl.") at 2, ¶ 4.

10.     CBP's FOIA unit also reached out to CBP's Office of Training and Development ("OTD") [and OTD] confirmed that "they had no involvement with the development of the ORT and that it was under the purview of OFO."   *Id*., ¶ 6.

11.     On or about April 9, 2017, CBP "disclosed records relating to the discontinuation of the IFM…[and] [a]s the ORT has not been drafted, CBP did not return any document related to the implementation of the ORT" or the "actual" ORT as Plaintiff requested.   Howard Decl., at 2, ¶ 7.

12.     Chapter 12 was released in full, but Chapter 11 was released subject to FOIA Exemption (b)(7)(E), which protects records compiled for law enforcement purposes, the release of which would disclose law enforcement or investigatory procedures and technique and could reasonably be expected to risk circumvention of the law.   *Id*., ¶ 8.

13.     In this case, CBP redacted the titles of memoranda, musters, and associated records listed on the Chapter 11, which are independent of the index itself, because they "would provide insight into particularized law enforcement and immigration processes, which taken in the aggregate would provide insight into overall methods utilized by CBP" that are not currently known publicly   *Id*. ¶¶ 11-13.

June 7, 2017                                              Respectfully submitted,

                                                                    CHANNING D. PHILLIPS, D.C. Bar No. 415793
                                                                    United States Attorney
                                                                    for the District of Columbia

                                                                    DANIEL F. VAN HORN, D.C. Bar # 924092
                                                                    Civil Chief

                                                                    By:_____/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.   20530
Telephone: (202) 252-2562

Attorneys for Defendants