# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

American Immigration Lawyers )
Association )
 )
       *Plaintiff,* )
 )   Case No. 1:16-CV-02470
 )
v. )
 )
U.S. Department of Homeland Security, )
et al. )
 )
       *Defendants.* )

**DECLARATION OF JAMES RYAN HUTTON**

1. I am the Deputy Executive Director of Admissibility and Passenger Programs in the Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP). I have been employed in this capacity since 2015. Prior to this position I was the Director of Enforcement Programs. I have been an agent with CBP for over 14 years. In my capacity I am responsible for overseeing all OFO programs related to the admissibility of passengers at ports of entry including policy guidance pertaining to passenger inspectional process. My responsibilities include oversight of processing and removal issues.

2. I am familiar with the policies, practices and procedures of OFO that govern the admissibility of passengers seeking to enter the United States at our ports of entry.

3. I make this declaration on the basis of my knowledge, as well as the documents and information made available to me in my position.

4. On April 4, 2013 the Acting Executive Director for Admissibility and Passenger Programs sent a memorandum to all Field Operations Directors and Preclearance

Operations Directors instructing them to stop using the IFM as a source of information for passenger processing and delete from their local webpages all links and references to the IFM.

5. CBP has endeavored to develop a new manual, the Officers Reference Tool (ORT). The ORT is a centralized online repository for CBP's admissibility policies and serves as a comprehensive "how to" manual detailing official CBP policies and procedures for CBP's admissibility mission.

6. Currently there are only two parts of the ORT that exist - Chapter 11 and Chapter 12. They have been numbered based on an expected overall framework for the ORT, but the chapters may be renumbered if and when other portions of the ORT are developed.

7. The first, Chapter 11, is an index that provides a list of various policies, memoranda, guides, manuals, musters and other related documents that are independent of the underlying content of the future chapters. The Chapter does not, itself, contain the underlying policies, but rather, provides a link to access the documents.

8. The second, Chapter 12, is an index that lists the laws, regulations and government systems that govern the admissibility of passengers at our ports of entry and may assist Officers during the course of their employment. The Chapter does not, itself, contain the underlying information, but rather, provides a link to access documents, websites, or systems.

9. CBP redacted certain portions of the responsive records for Chapter 11 of the ORT pursuant to Title 5 U.S.C. § 552 (b)(7)(E). Exemption 7E protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose

guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. In certain cases, the titles of memorandums, musters, and associated documents would reveal CBP's internal techniques, methods, procedures, and other sensitivities, to include the names of internal systems, law enforcement tools, and applications that are employed during the course of certain law enforcement actions. The disclosure of these titles could allow third parties to circumvent CBP operations and undermine CBP's law enforcement role.

10. CBP redacted policy names that would provide insight into particularized law enforcement and immigration processes, which taken in the aggregate would provide insight into overall methods utilized by CBP.

11. Specifically, CBP redacted titles that provide insight about particular types of programs that are not publicly known. These programs focus on particular categories of vulnerable populations or targeted populations that pose a national security or law enforcement risk, and would reveal where CBP focuses its resources and targets its law enforcement actions. Programs that focus on particular categorizes of individuals would further reveal where CBP may have enforcement vulnerabilities and would allow individuals to potentially circumvent CBP processes and actions by exploiting those populations.

12. Additionally, CBP redacted titles that reveal that CBP relies on other partners for particular types of information, and which partners and what systems CBP relies upon.

13. In the course of CBP's review of information that was originally redacted in Chapter 11, CBP re-evaluated certain redactions. An updated disclosure, which provides additional information, will be provided to Plaintiff.

14. There were no redactions applied to the responsive records from Chapter 12.

15. I declare that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: June 7, 2017

SIGNED: _____
James Ryan Hutton
Deputy Executive Director
Admissibility and Passenger Programs
Office of Field Operations
U.S. Customs and Border Protection

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN IMMIGRATION LAWYERS ASSOCIATION ) ) ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | Civil Action No. 16-2470 (TSC) |
| U.S. CUSTOMS AND BORDER PROTECTION ) ) ) ) | |
| Defendant. ) ) | |

## DECLARATION OF PATRICK HOWARD

1. I am a Branch Chief in the Freedom of Information Act ("FOIA") Division at U.S. Customs and Border Protection ("CBP"). I have been a Branch Chief in the FOIA Division in Washington, D.C. since February 8, 2015. I oversee a staff of eight Government Information Specialists and the processing of FOIA requests submitted to CBP and, thus, am familiar with CBP's procedures for responding to FOIA requests. I provide technical and administrative supervision and direction to a group of FOIA specialists in processing FOIA requests, assist with FOIA/Privacy Act ("PA") litigation matters, and am personally familiar with the processing of FOIA/PA responses, including by, at times, directly reviewing responses for adequacy and adherence to federal laws and regulations.

2. I make this declaration on the basis of my knowledge, as well as the documents and information made available to me in my position.

3. On or about July 10, 2013, CBP received a FOIA request from the American Immigration Lawyers Association (AILA) regarding records related to CBP's Officer's Reference Tool (ORT).

4. To process this request, my office reached out to CBP's Office of Field Operations (OFO), who confirmed that CBP has endeavored to develop a new manual, the ORT.

5. OFO also confirmed that only two parts of the ORT exist – Chapters 11 and 12. OFO provided access to the two chapters that were responsive to the request.

6. Because the ORT could potentially have a connection to training, I further contacted the Office of Training and Development (OTD) to see if there were any documents responsive to the request. OTD confirmed that they had no involvement with the development of the ORT and that it was under the purview of OFO.

7. On or about March 1, 2017, CBP processed AILA's FOIA request and provided AILA with documents responsive to the request. CBP further disclosed additional records relating to the discontinuation of the Inspector's Field Manual (IFM) to AILA on or about April 9, 2017. As the ORT has not been drafted, CBP did not locate any documents related to the implementation of the ORT.

8. I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: 06/06/2017

*Patrick A Howard*
Patrick Howard
Branch Chief, FOIA Division
Privacy and Diversity Office
U.S. Customs and Border Protection