UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**AMERICAN IMMIGRATION**                )
**LAWYERS ASS'N,**                      )
                                        )
       **Plaintiff**    )
                                        )    Civil Action No. 16-2470 (TSC)
       v.               )    (ECF)
                                        )
**DEP'T OF HOMELAND SEC.,** *et al*.    )
                                        )
       **Defendants.**  )
_____)

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S
MOTION FOR LIMITED DISCOVERY, ECF NO. 20**

      The Department of Homeland Security and its component, Customs and Border Protection ("CPB") (collectively "Defendants"), by and through the undersigned counsel, respectfully submit this Reply to the American Immigration Lawyers Association's ("Plaintiff" or "AILA") Opposition to Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Limited Discovery.   In support hereof, Defendants state the following:

      As the Court is well-aware by now, on July 10, 2013, AILA submitted a request under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA") for "[i]nstructions to the field/ports-of-entry regarding the discontinuation of the CBP Inspector's Field Manual (IFM) as a reference tool"; "[i]nstructions to the field/ports-of-entry regarding the implementation of the new CBP Officer's Reference Tool (ORT)"; and "[a] complete copy of *the portions of the ORT that have been finalized and implemented* for use in the field/ports-of-entry [emphasis added]." ECF No. 1, Exhibit A.   By letter dated June 10, 2015, Plaintiff sent a letter to CBP stating the

1

following:

> Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), a response to the FOIA Request was due within 20 business days. Requester deems CBP's failure to provide a response determination within the statutory time limits as a denial of the FOIA Request. Requester hereby appeals the denial of the FOIA Request. *See, e.g.*, 5 U.S.C. § 552(a)(6)(C). Please respond to this appeal within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A)(ii).

*Id.*, ¶ 9, Exhibit C.

Thereafter, Plaintiff commenced this action on December 19, 2016, alleging that "Defendants' failure to respond within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A)," *id.*, ¶ 45, and "CBP has not conducted a reasonable search for records responsive to the 2013 FOIA Request [or] produced any records responsive to [same]." *Id.*, ¶¶ 48-49. Disputing Plaintiff's allegations, Defendants moved for summary judgment on the grounds that there is no genuine dispute that (i) the IFM, which was already disclosed to Plaintiff, is no longer operational, that (ii) there is no "finalized" ORT, and (iii) that the only "portions of the ORT that have been finalized and implemented" are Chapters 11 and 12, which were disclosed to the Plaintiff with lawful redactions, and that CBP conducted a reasonable search under the law. ECF No. 16.

Plaintiff's Opposition largely misses the main issues raised in Defendants' motion. In it, Plaintiff essentially concedes that only a "liberal constru[ction]" of its request for "the portions of the ORT that have been finalized and implemented" would result in the reading it now advocates. ECF No 17 at 8-11. Plaintiff also speculates that "portions of the ORT other than Chapters 11 and 12 exist," while ignoring that its own request is for "portions…finalized and implemented," and failing to rebut Defendants' declarations with disputed facts. *Id.* at 11-12.

2

Notwithstanding the fact that CBP confirmed that its Office of Field Operations ("OFO") "has endeavored to develop a new manual," and confirmed same with its Office of Training and Development ("OTD"), Plaintiff continues to speculate that other records should exist. *Id*. at 12-16.  In an implied acknowledgement that its Opposition is largely based on speculation without presenting any real genuine issue of material fact, Plaintiff filed a Motion for Limited Discovery, ECF No. 18, along with its Opposition.   Plaintiff acknowledges that discovery is disfavored in FOIA actions and compounds its predicament by proposing to ask questions like "why CBP took four years to process [its] request" when the ball was in Plaintiff's court all along.   Finally, Plaintiff argues that CBP has improperly invoked FOIA Exemption 7(E).

      **a.**      **CBP's Search was Adequate and no "Limited Discovery" is Warranted**

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F.Supp.2d 83, 87 (D. D.C. 2009).   A court may grant summary judgment in a FOIA case based solely on the information provided in an agency's supporting affidavits or declarations if those affidavits or declarations are "relatively detailed and non-conclusory."   *SafeCardServs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).   The agency's affidavits or declarations must "describe the documents and the justifications for nondisclosure with reasonably specific detail [and] demonstrate that the information withheld logically falls within the claimed exemption."   *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

When an agency has submitted such declarations, the requester then bears the burden of demonstrating a lack of good faith.   *James Madison Project v. DOJ*, Civ. No. 15-1307 (RMC), 2017 U.S. Dist. Lexis 115508 *8 (D. D.C. 2017) (citing *Maynard v. CIA*, 986 F.2d 547, 560 (1st

Cir. 1993)); *Military Audit Project*, 656 F.2d at 738 (affidavits must not be "controverted by either contrary evidence in the record [or] by evidence of agency bad faith."). Agency affidavits are entitled to a "presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCardServs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Plaintiff's purely speculative claims about the existence and discoverability of other documents do not overcome the presumption of good faith afforded to the agency's declarations. *See Leopold v. Nat'l Sec. Agency*, 118 F.Supp.3d 302, 308 (D.D.C. 2015) (deferring to agency's declaration that explained why a search of an additional government office would be redundant). "A FOIA petitioner cannot dictate the search terms for his or her FOIA request." *Bigwood v. U.S. Dep't of Def.*, 132 F.Supp.3d 124, 140 (D. D.C. 2015).

An agency must show "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999)). A search is judged by the individual circumstances of each case. *See Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The central question is whether the search itself was reasonable, regardless of the results. *See Cunningham v. DOJ*, 40 F.Supp.3d 71, 83-84 (D. D.C. 2014). Agencies need not scour every file cabinet and electronic database, but rather should conduct a "good faith, reasonable search of those systems of records likely to possess requested records." *Id*. (quoting *SafeCard Servs.*, 926 F.2d 1197 at 1201). Although the agency is not required to search every record system, it must make a good faith effort to reasonably search systems that are likely to contain the requested information. *Oglesby v. U.S.*

*Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

In this case, Plaintiff requested "[a] complete copy of the portions of the ORT that have been finalized and implemented for use in the field/ports of entry" as well as records related to the "discontinuation" of the IFM and "implementation" of the ORT.  *See* Exhibit A, Supplemental Declaration of Patrick Howard at 2, ¶ 5 ("Howard Decl. II").  First, there is no daylight between both of Defendants' declarants' statements that the ORT is still a work in progress and only Chapters 11 and 12 have been "finalized."  ECF No. 16, Exhibits A and B, ¶¶ 6 and 5, respectively; *see also* Exhibit B, Supplemental Declaration of James Ryan Hutton ("Hutton Decl. II) ("The ORT was intended to be a 'living' online repository available on the CBP intranet page where new policies and documents could be uploaded on an ongoing basis.").  Accordingly, Plaintiff's assertion to the contrary is sheer fantasy and there can be no genuine issue of material fact on that issue.

Moreover, both the IFM and ORT were "under the purview of the [OFO]…[and] no other CBP office was involved."  Howard Decl. II, ¶ 7.  "The search for the records related to discontinuation of IFM was only performed within OFO because it was the only office in CBP reasonably likely to be in possession of responsive documents.  Thus a wider search was not necessary."  *Id*.  *Huntington v. U.S. Dep't of Commerce*, Civ. No. 15-2249 (JEB), 2017 U.S. Dist. Lexis 113722 *16 (D. D.C. 2017) (The plaintiff may hypothesize that all departments participated substantively in a program and must have responsive records or that what has been produced to date is thinner than desired, but if the plaintiff offers no evidence to support those or other suppositions the Court cannot infer an inadequate search); *Canning v. U.S. Dep't of Justice*, Civ. No. 11-1295 (GK), 2017 U.S. Dist. Lexis 85348, *11 (D. D.C. 2017) (plaintiff fails to

explain why the search terms he proposes are more likely to uncover responsive information than the search terms the Government used).   Absent a specific rebuttal evidence, Plaintiff has not presented evidence that raises any genuine issue of material fact that Defendants' search was adequate.

Nor does the rest of Plaintiff's speculation regarding the adequacy of Defendants' search, including why it to CBP so long to process the request, justify any discovery in this case.   First of all, Plaintiff could have commenced this action as far back as 2013, but elected not to do so. More importantly though, in FOIA cases, discovery is both rare and disfavored. *Judicial Watch, Inc. v. DOJ*, 185 F.Supp.2d 54, 65 (D. D.C. 2002); *Baker & Hostetler LLP v. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains"); *see also Ocasio v. Dep't of Justice*, 67 F.Supp.3d 438, 440 (D. D.C. 2014) ("[D]iscovery is generally disfavored in FOIA cases."). Because in FOIA cases, plaintiff's entitlement to access to documents is the ultimate issue, discovery requests in these cases threaten to "turn FOIA on its head, awarding . . . [plaintiff] in discovery the very remedy for which it seeks to prevail in the suit.

The courts must not grant FOIA plaintiffs discovery that would be 'tantamount to granting the final relief sought.'"   *Tax Analysts v. IRS*, 410 F.3d 715, 722 (D.C. Cir. 2005) (quoting *Military Audit Project*, 656 F.2d at 734).   The questions about which Plaintiff seeks discovery are answered in both CBP's declarations or raise legal questions.   One of Plaintiff's suppositions that other chapters of the ORT must exist because Chapters 11 and 12 were produced is answered in the Hutton Declaration that states that the numbers were assigned

"based on the overall framework of the ORT."   ECF No. 16, Exhibit A, ¶ 6.   Thus, there are no genuine issues of material fact regarding the adequacy of Defendants' search and summary judgment is warranted.

### b.   Chapters 11 and 12 are "Independent" of their Cross-References

Plaintiff requested "[a] complete copy of *the portions of the ORT that have been finalized and implemented* for use in the field/ports-of-entry [emphasis added]."   ECF No. 1, Exhibit A.   As described in the aforementioned Hutton Decl., Chapter 11 is "an index that provides a *list* of various policies…that are independent of the underlying content of the future chapters.   The Chapter does not, itself, contain the underlying information [emphasis added]."   ECF No. 16, Exhibit A, ¶ 8.   Also, the cross-referenced records "are separate documents that exist independently of the ORT."   Howard Decl. II at ¶ 6.   Mere reference to other files does not establish the existence of documents that are relevant to appellant's FOIA request.   *Steinberg v. DOJ*, 23 F.3d 548, 552 (D.C. Cir. 1994).   If that were the case, an agency responding to FOIA requests might be forced to examine virtually every document in its files, following an interminable trail of cross-referenced documents like a chain letter winding its way through the mail. [] FOIA clearly does not impose this burden upon federal agencies.   *Id.*; *Pontillo v. U.S. Parole Comm'n*, 1996 U.S. App. Lexis 15507 *1 (D.C. Cir. 1996) (holding the DEA's search to be reasonable even though the DEA did not search for "any records under the name 'Sam Pontillo'"); *Kowalczyk v. DOJ*, 73 F.3d 386, 389 (D.C. Cir. 1996) (the agency "is not obliged to look beyond the four corners of the request for leads to the location of responsive documents").

The "mere reference to other files" in records responsive to Plaintiff's request for "portions of the ORT that have been finalized or implemented" does not trigger an obligation for

the agency to expand its search as Plaintiff has suggested here.  *Public Citizen v. U.S. Dep't of Health & Human Servs.*, 975 F.Supp.2d 81 *97 (D. D.C. 2013).   Here, Plaintiff's appears to suggest that CBP "is [somehow] required to liberally construe [its] FOIA request," ECF No. 17 at 8, but given the wording of the request, CBP applied a reasonable reading of the request that the list of policies contained in Chapter 11 was responsive.   CBP had no obligation to conduct further searches once it found the finalized portions of the ORT that were responsive to Plaintiff's request.   *Clemente v. FBI*, 2017 U.S. App. Lexis 14886 (D.C. Cir. 2017) ("[T]he FBI had no need to conduct a full-text search, examine a separate electronic surveillance records system).   Thus, CPB's determination that the "finalized" list of policies that comprise the ORT was responsive to Plaintiff's FOIA request was reasonable and summary judgment is appropriate.

        c.       **CBP Properly Invoked FOIA Exemption 7(E)**

Finally, CBP applied FOIA Exemption (b)(7)(E) to redact information that is not currently publicly known, which would provide insight into particularized law enforcement and immigration processes, which taken in the aggregate would provide insight into overall methods utilized by CBP.   ECF No. 16, Exhibit A, Hutton Decl. at 3, ¶ 10.   Plaintiff's sole rebuttal is that CBP could not have invoked FOIA Exemption 7(E) correctly because it subsequently withdrew application of the exemption in some cases that, in Plaintiff's view, reveal that the exemption was improperly invoked initially.   On the contrary, an "agency's cooperative behavior of notifying the court and plaintiff that it had discovered a mistake, if anything, shows good faith." *Leopold v. DOJ*, 130 F.Supp.3d 32, *42 (D. D.C. 2015); *Tushnet v. ICE*, 2017 U.S. Dist. Lexis 48459 *16 (D. D.C. 2017) (finding that declarations remain entitled to a presumption

of good faith notwithstanding agency error).   "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible."   *Judicial Watch, Inc. v. U.S. Dep't of Defense*, 715 F.3d 937, 941 (D.C. Cir. 2013).   Thus, because Plaintiff has not demonstrated a sufficient rebuttal to preclude the traditional good faith accorded agency declarations, there are no genuine issues of material fact and Defendants are entitled to summary judgment.

August 11, 2017                                         Respectfully submitted,

                                                        CHANNING D. PHILLIPS, D.C. Bar No. 415793
                                                        United States Attorney
                                                        for the District of Columbia

                                                        DANIEL F. VAN HORN, D.C. Bar # 924092
                                                        Civil Chief

                                                        By:            /s/
                                                        KENNETH ADEBONOJO
                                                        Assistant United States Attorney
                                                        Judiciary Center Building
                                                        555 4th Street, N.W. – Civil Division
                                                        Washington, D.C.   20530
                                                        Telephone: (202) 252-2562

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Limited Discovery to be served upon Plaintiff's counsel via ECF.

                                          /s/
                                    KENNETH ADEBONOJO
                                    Assistant United States Attorney