# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Immigration Lawyers Association )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>U.S. Department of Homeland Security, et al. )<br>)<br>*Defendants.* ) | Case No. 1:16-CV-02470 |

## SUPPLEMENTAL DECLARATION OF PATRICK HOWARD

1. I am a Branch Chief in the Freedom of Information Act ("FOIA") Division at U.S. Customs and Border Protection ("CBP"). I have been a Branch Chief in the FOIA Division in Washington, D.C. since February 8, 2015. I oversee a staff of eight Government Information Specialists and the processing of FOIA requests submitted to CBP and, thus, am familiar with CBP's procedures for responding to FOIA requests. I provide technical and administrative supervision and direction to a group of FOIA specialists in processing FOIA requests, assist with FOIA/Privacy Act ("PA") litigation matters, and am personally familiar with the processing of FOIA/PA responses, including by, at times, directly reviewing responses for adequacy and adherence to federal laws and regulations.

2. The instant Declaration is a supplement to the Declaration of Patrick Howard, dated June 6, 2017 ("Original Declaration") and attached as Exhibit A. The statements made in the Original Declaration are incorporated in full herein.

3. This supplemental declaration is on the basis of my personal knowledge, as well as the documents and information made available to me in my position.

4. On or about July 10, 2013, CBP received a FOIA request from the American Immigration Lawyers Association (AILA) regarding records related to CBP's Officer's Reference Tool (ORT).

5. The request asked for "[a] complete copy of the portions of the ORT that have been finalized and implemented for use in the field/ports of entry." Only two chapters of the ORT are finalized – Chapters 11 and 12. The remainder of the ORT has not been drafted.

6. Chapter 11 consists of hyperlinks to memoranda, guides, manuals, standard operating procedures, musters, and other similar documents. These are separate documents that exist independent of the ORT and some of these titles link to internal CBP systems of records. Thus, based on the language of the request and the fact that CBP does not consider the underlying policies as part of an ORT chapter, the FOIA office determined that only Chapter 11 and not the underlying documents was responsive to the request.

7. The request asked for the "[i]instructions to the field/ports-of-entry regarding the discontinuations of the CBP Inspector's Field Manual (IFM)." The IFM was under the purview of the Office of Field Operations (OFO). No other CBP office was involved. The search for the records related to discontinuation of IFM was only performed within OFO because it was the only office in CBP reasonably likely to be in possession of responsive documents. Thus a wider search was not necessary.

8. I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: 08/11/17

*[signature]*
Patrick Howard
Branch Chief, FOIA Division
Privacy and Diversity Office
U.S. Customs and Border Protection

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Immigration Lawyers Association | ) ) ) |
| *Plaintiff,* | ) ) ) Case No. 1:16-CV-02470 |
| v. | ) ) ) |
| U.S. Department of Homeland Security, et al. | ) ) ) ) |
| *Defendants.* | ) |

## SUPPLEMENTAL DECLARATION OF JAMES RYAN HUTTON

1. I am the Deputy Executive Director of Admissibility and Passenger Programs in the Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP). I have been employed in this capacity since 2015. Prior to this position I was the Director of Enforcement Programs. I have been an agent with CBP for over 14 years. In my capacity I am responsible for overseeing all OFO programs related to the admissibility of passengers at ports of entry including policy guidance pertaining to passenger inspectional process. My responsibilities include oversight of processing and removal issues.

2. I am familiar with the policies, practices and procedures of OFO that govern the admissibility of passengers seeking to enter the United States at our ports of entry.

3. This instant Declaration is a supplement to the Declaration of James Ryan Hutton, dated June 7, 2017 (Original Declaration) attached as Exhibit A. All statements made in the Original Declaration are incorporated in full herein.

4. I make this declaration on the basis of my knowledge, as well as the documents and information made available to me in my position.

5. CBP has endeavored to develop a new manual, the Officers Reference Tool (ORT). The ORT is a centralized online repository for CBP's admissibility policies and serves as a comprehensive "how to" manual detailing official CBP policies and procedures for CBP's admissibility mission.

6. The ORT was intended to be a "living" online repository available on the CBP intranet page where new policies and documents could be uploaded on an ongoing basis. The ORT chapters 11 and 12 were considered "final" when the corresponding CBP intranet webpage was ready and capable to upload documents.

7. The ORT was never officially published to CBP employees. Although the website was live, CBP has not issued an organization-wide announcement that the ORT was made available to CBP employees.

8. ORT Chapters are a collection of policies, memorandums, guidance, manuals, standard operating procedures, musters, and similar documents, as well as hyperlinks to sensitive governmental information systems and external resources organized by a particular subject. ORT Chapters do not contain substantive information but rather they are centralized online repositories for CBP's admissibility policies and other information.

9. Titles of Chapter 11 policies and procedures were redacted under Title 5 U.S.C. § 552 (b)(7)(E) for the reasons asserted in the Original Declaration in ¶¶9-12.

10. CBP, in consultation with counsel, reviewed its original redactions in Chapter 11 and determined that some of the previously redacted information was not likely to reveal law enforcement information that would disclose techniques and procedures for

investigations or prosecutions and could be disclosed publicly. Thus CBP subsequently released additional information to Plaintiff

11. I declare that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: 8/9/2017          SIGNED: _____
                                 James Ryan Hutton
                                 Deputy Executive Director
                                 Admissibility and Passenger Programs
                                 Office of Field Operations
                                 U.S. Customs and Border Protection