IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---

AMERICAN IMMIGRATION LAWYERS
ASSOCIATION,

        Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

        Defendants.

Civil Action No. 1:16-cv-02470-TSC

---

**PLAINTIFF AMERICAN IMMIGRATION LAWYERS ASSOCIATION'S REPLY IN SUPPORT OF MOTION FOR LIMITED DISCOVERY**

---

## INTRODUCTION

In its Combined Opposition to Defendants' Motion for Summary Judgment and Memorandum of Law in Support of Motion for Limited Discovery ("AILA Br." (ECF No. 17)), filed July 13, 2017, AILA explained that disputed issues of material fact exist as to the following issues:

(1)     whether ORT (Officer Reference Tool) Chapter 11 "contains" the over 350 policies and other documents that are listed (and linked) in that chapter (AILA Br. at 8-11);

(2)     whether portions of the ORT other than Chapters 11 and 12 exist (*id*. at 11-12);

(3)     whether the Government conducted an adequate search for responsive records (*id*. at 12-16);

(4)     whether records related to the implementation of the ORT exist (*id*. at 16-17); and

(5)   whether CBP properly asserted FOIA Exemption (7)(E) in redacting the titles of certain agency records in ORT Chapter 11 (*id*. at 17-21).

Based on the deficiencies in the Government's position, AILA sought to depose the Government's two declarants, on the following issues:

- why CBP took almost four years to process AILA's FOIA Request; why no search for electronic documents was conducted; and why no CBP offices other than the Office of Field Operations ("OFO") and the Office of Training and Development ("OTD") were contacted, which are all evidence of bad faith;

- the basis for Mr. Hutton's declaration statement that ORT Chapter 11 does not "contain" the over 350 CBP policies and procedures listed in that Chapter (even though electronic links to PDF versions of those documents are provided); Mr. Hutton's definition of "contain"; and how, in the Government's view, "provid[ing] a link to access" a PDF copy of a record listed in Chapter 11 differs from providing a link to a PDF copy of a record "contained" in Chapter 11;

- the basis for Mr. Hutton's and Mr. Howard's declaration statements that "there are only two parts of the ORT that exist – Chapter 11 and Chapter 12"; why there are links to "ORT," "<<ORT Home" and other Chapters on the CBP website; and what is displayed when those links are clicked;

- Mr. Hutton's and Howard's understanding of the nature of the ORT; the basis for Mr. Howard's declaration statements that "the ORT has not been drafted" and that "CBP did not locate any documents related to the implementation of the ORT"; and Mr. Howard's definition of "implementation" and "finalized"; Mr. Hutton's understanding of when a Chapter of the ORT is "final" or "exist[s]"; how an online repository of records such as Chapter 11 can ever be "final," given that the policies listed in Chapter 11 are dated from 2004 to the present, and new records are periodically added to the repository and obsolete records are periodically removed from the repository; the definition of an "ORT chapter"; and when ORT Chapter 11 or any other ORT chapter was made available to CBP employees; and

  - whether CBP applied the asserted reasons stated in the Hutton declaration in redacting the titles of numerous Chapter 11 policies

>and procedures under FOIA Exemption (7)(E); and why the 35
>now-unredacted Chapter 11 titles were redacted in the first place.

(AILA Br. at 22-23 (ECF No. 17).)

In its combined reply, the Government doubles down on its position that the "ORT is a *centralized online repository* for CBP's admissibility policies," but does not "contain" any of the 350 policies and memos that are listed (and linked) in the ORT Chapter 11 index.[1]  (8/9/17 Supp. Decl. of James Ryan Hutton ("Supp. Hutton Decl.") ¶¶ 5, 8 (ECF No. 23-1 at 7).)  As discussed below, this argument—akin to asserting that an anthology of essays only "contains" a table of contents—makes no sense, and the disputed factual issues remain unresolved.

## ARGUMENT

Although the Government submits the supplemental declarations of Patrick Howard and James Ryan Hutton in conjunction with its combined reply, those declarations do little to clarify the numerous factual issues identified in AILA's brief.

### I. THE GOVERNMENT'S FAILURE TO PRODUCE ANY OF THE ADMISSIBILITY POLICIES LISTED (AND LINKED) IN ORT CHAPTER 11

Messrs. Howard and Hutton do not explain how their interpretation—that ORT Chapter 11 does not "contain" any of the documents that are listed (and linked) in that electronic repository—is consistent with prior statements about the ORT by CBP and other federal agencies.  (AILA Br. at 9-11 (ECF No. 17).)

Moreover, having defined the ORT as a "*centralized online repository* for CBP's admissibility policies," which CBP employees use "as a comprehensive 'how to' manual detailing official CBP policies and procedures" (Supp. Hutton Decl. ¶¶ 5-7 (ECF No. 23-1 at 7)), it is unclear how the Government can argue in this action that ORT Chapter 11 is nothing more

---

[1] All emphasis in brief added, unless otherwise noted.

than an index (*i.e.*, a list) of those admissibility policies, which is all the Government is required to produce under FOIA. (8/11/17 Supp. Decl. of Patrick Howard ("Supp. Howard Decl.") ¶ 6 (ECF No. 23-1 at 3).) After all, CBP employees are not using the ORT Chapter 11 *index* to make admissibility determinations at the border and ports-of-entry; they are using the *actual policies* that are uploaded to the Chapter 11 online repository, which may be accessed by clicking electronic links provided in the Chapter 11 index.

The Government argues that AILA "essentially concedes that only a 'liberal constru[ction]' of its request for 'the portions of the ORT that have been finalized and implemented' would result in the reading it now advocates." (Gov't Reply at 2 (ECF No. 23).) The Government misunderstands AILA's position. While the law requires the Government to construe FOIA requests liberally, *see Leopold v. United States Department of Justice,* 130 F. Supp. 3d 32, 43 (D.D.C. 2015), under a plain reading of AILA's FOIA request—which sought "[a] complete copy of the portions of the ORT that have been finalized and implemented for *use* in the field/ports-of-entry"—AILA's request covers the actual ORT policies and procedures that CBP personnel are "us[ing]" in the field/ports-of-entry to make admissibility determinations. The Government's professed belief—that AILA's FOIA request sought only the ORT Chapter 11 index listing the policies and procedures, and not the actual policies and procedures—strains credulity (and violates FOIA).

The Government also cites cases for the proposition that "[m]ere reference to other files does not establish the existence of documents that are relevant to appellant's FOIA request." (Gov't Br. at 7 (ECF No. 23).) However, these cases are wildly inapposite. AILA is not seeking "other files" or asking the Government to pursue "an interminable trail of cross-referenced documents." (*Id*.) The Government itself has (repeatedly) defined the ORT as an "online

repository" of policies. (*See* Hutton Decl. ¶ 5 (ECF No. 16-2 at 3); Supp. Hutton Decl. ¶ 6 (ECF No. 23-1 at 7).) Given that definition, AILA's FOIA request squarely seeks the contents of that "repository," namely the admissibility policies that are listed (and linked) in the ORT Chapter 11 index. AILA should be permitted to depose the Government's two declarants to clarify how the Government's definition of the ORT as an "online repository" of policies can be reconciled with the Government's position that the ORT does not "contain" any of the policies listed (and linked) in that "online repository."

## II.   THE GOVERNMENT'S FAILURE TO EXPLAIN WHETHER PORTIONS OF THE ORT OTHER THAN CHAPTERS 11 AND 12 EXIST

Mr. Hutton states that the reason the Government considered ORT Chapters 11 and 12 "final" is that "the corresponding CBP intranet webpage was ready and capable to upload documents." (Supp. Hutton Decl. ¶ 6 (ECF No. 23-1 at 7).) However, as noted in AILA's brief, the CBP intranet webpage contains links to other chapters (2, 3, 4, 5, 6, 7, 8, 10, 11, 12) as well as a link to "<<ORT Home." (*See* AILA Br. at 11-12 (ECF No. 17 at 17-18 of 31).) Mr. Hutton fails to explain in his supplemental declaration whether any of those links contain documents, or meet his newly stated definition of "final" (*i.e.*, are "ready and capable to upload documents").

The Government argues that Mr. Hutton answered this question in his original declaration, which "states that the numbers were assigned 'based on the overall framework of the ORT.'" (Gov't Reply at 6-7 (ECF No. 23) (citing ECF No. 16, Exhibit A, ¶ 6).) However, the referenced statement does not explain why there appear to be live links to other chapters and "<<ORT Home" on the CBP webpage. Mr. Hutton could have addressed this point in his supplemental declaration, given that AILA raised it in its July brief. Having failed to do so, AILA should be permitted to depose Mr. Hutton about this issue.

Finally, the Government cites *Public Citizen v. United States Department of Health & Human Services*, 975 F. Supp. 2d 81, 97 (D.D.C. 2013), for the proposition that:

> The "mere reference to other files" in records responsive to AILA's request for "portions of the ORT that have been finalized or implemented" does not trigger an obligation for the agency to expand its search as [AILA] has suggested here.

(Gov't Reply at 7-8 (ECF No, 23 at 7-8).) As an initial matter, AILA is not asking for the Government to "expand" its search; rather, it is asking that the Government comply with FOIA by conducting an adequate search and disclosing all responsive records. In any event, *Public Citizen* supports AILA's position, not the Government's. As this Court explained:

> The defendant nowhere adequately explains the[] factual discrepancies [raised by Plaintiff]. Rather, the defendant's fallback position is that the law does not require the agency to do any more searching since the agency has demonstrated in affidavits that it "conducted a reasonable search," and no bad faith has been alleged. Def.'s Reply at 4. While "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search," *see Iturralde v. Comptroller of Currency,* 315 F.3d 311, 315 (D.C. Cir. 2003), "if a review of the record raises substantial doubt, particularly in view of 'well defined requests and positive indications of overlooked materials, summary judgment is inappropriate," *Valencia–Lucena v. U.S. Coast Guard,* 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Founding Church of Scientology v. Nat'l Sec. Agency,* 610 F.2d 824, 837 (D.C. Cir. 1979)).
>
> In this case, the defendant concedes the existence of [certain compliance documents required to be submitted for annual reports] . . . . Therefore, at a minimum, . . . [these documents], which the defendant does not dispute should exist and should have been accounted for, are not represented in the *Vaughn* index, nor has the defendant provided any explanation as to what steps it undertook to track down these missing documents.
>
> That the defendant was under an obligation to do so is made clear in *Campbell v. United States Department of Justice,* 164 F.3d 20, 28 (D.C. Cir. 1998). In *Campbell,* the D.C. Circuit held that an agency must "revise its assessment of what is [a] 'reasonable' [search] in a particular case to account for leads that emerge during

>its inquiry." *Id.* at 28. In other words, when leads to other documents arise during the course of a search for responsive records, the agency must expand the scope of its search. *Id.*

*Public Citizen*, 975 F. Supp. 2d at 96-97.

## III. THE GOVERNMENT'S FAILURE TO EXPLAIN WHAT RECORDS WERE SEARCHED, BY WHOM, AND THROUGH WHAT PROCESS

In addition to failing to produce any of the policies contained in ORT Chapter 11, the Government's search also was inadequate because it did not perform electronic searches for responsive records or produce any emails, memoranda, notes, orders or reports related to the discontinuation of the IFM (Inspector's Field Manual) or the implementation or use of the ORT. (AILA Br. at 13-14 (citing *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (declarations must describe "what records were searched, by whom, and through what process"); *Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (finding declaration insufficient to carry the agency's burden on summary judgment due to failure to provide information about search strategies, search terms used, or how the search was conducted)).) For the reasons noted below, the supplemental Hutton and Howard declarations have not cured the deficiencies that AILA identified in its initial motion for limited discovery.

For example, in his supplemental declaration, Mr. Hutton states: "Although the website was live, CBP has not issued an organization-wide announcement that the ORT was made available to CBP employees." (Supp. Hutton Decl. ¶ 7 (ECF No. 23-1 at 7).) However, AILA's FOIA request did not seek only "organization-wide" announcements about the ORT; it sought all records that "relate or refer in any way" to "instructions to the field/ports-of-entry regarding the implementation" of the ORT—even if such instructions took place in a more piecemeal manner than an "organization-wide" announcement (such as through email, memorandum, muster, policy guideline, or another form of communication). The Government's declarations strain

credulity by denying the existence of even a single record relating to the implementation of the ORT. The Government has admitted elsewhere that the ORT is live and in use in the field. (AILA Br. at 10-11 (ECF No. 17) (collecting Government statements regarding the ORT).) Thus, there must be internal CBP communications regarding the implementation or use of the ORT, including the use of the over 350 admissibility policies contained in ORT Chapter 11. None of the Government's declarations satisfies the D.C. Circuit's standard in FOIA cases regarding the adequacy of a FOIA search.

Mr. Howard's supplemental declaration also is inadequate. He states:

> The IFM was under the purview of the Office of Field Operations (OFO). No other CBP office was involved. The search for the records related to discontinuation of IFM was performed within OFO because it was the only office in CBP reasonably likely to be in possession of responsive documents. Thus a wider search was not necessary.

(Supp. Howard Decl. ¶ 7 (ECF No. 23-1 at 3)().) This statement is deficient in two respects. First, Mr. Howard fails to explain what records were searched at OFO, by whom, and through what process. *Steinberg*, 23 F.3d at 552. The fact that the IFM was used by CBP field agents for years before it was discontinued suggests that there would be at least some electronic documents internal to OFO or with other CBP offices that "relate or refer in any way" to the discontinuation of the IFM.

Second, contrary to Mr. Howard's statement, the IFM was not only "under the purview of the Office of Field Operations (OFO)." As noted in Chapter 1 of the IFM (the introduction), CBP's headquarters was involved in updating the IFM:

> The IFM is intended to be "user friendly." Please send your suggestions for improvements and ideas for new items you think should be included in the IFM through your chain of command to CBP HQ, Admissibility Requirements and Migration Control (ARMC)"

(*See* https://foiarr.cbp.gov/streamingWord.asp?i=910 (Chapter 1, page 1 (pdf page 10) (last accessed 9/6/17).)  Thus, at a minimum, the Government should have searched for responsive records from CBP headquarters, in addition to OFO, and AILA should be permitted to depose Mr. Howard about the basis for his assertion that the IFM was only under the purview of OFO, and why other CBP offices were not searched for responsive records.

**IV.    THE GOVERNMENT'S FAILURE TO EXPLAIN THE BASIS FOR REDACTING ORT CHAPTER 11 TITLES UNDER EXEMPTION 7(E).**

As explained in AILA's brief, Exemption 7(E) requires the agency to "demonstrate[] logically how [the release] of the requested information might create a risk of circumvention of the law."  (AILA Br. at 19 (ECF No. 17 at 25) (citing *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009).)

The Government's declarations fail to meet this showing.  Prompted by AILA's inquiry, the Government removed over half of CBP's original redactions of ORT Chapter 11 titles and the newly un-redacted titles illustrate the extent to which the Government is misapplying Exemption 7(E).  (*See* AILA Br. at 19-21 (ECF No. 17 at 25-27).)  CBP should either be ordered to produce unredacted versions of the remaining 31 titles to this Court for *in camera* review; or produce a Vaughn index with respect to those redactions.  Alternatively, AILA should be permitted to depose the Government's declarants so AILA can assess the validity of CBP's continued assertion of Exemption 7(E) as to the titles of documents.

## CONCLUSION

For the reasons stated in AILA's Combined Opposition to Defendants' Motion for Summary Judgment and Memorandum of Law in Support of Motion for Limited Discovery (ECF No. 17), and this reply, Defendants' motion for summary judgment should be denied, and AILA's motion for limited discovery should be granted.

Dated:  September 6, 2017                                  Respectfully submitted,

/s/ *Naikang Tsao*
Naikang Tsao (admitted *pro hac vice*)
ntsao@foley.com
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI  53703
Telephone:  (608) 258-4250
Fax:  (608) 258-4258

Melissa Crow (#453487)
mcrow@immcouncil.org
AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW, Suite 200
Washington, DC  20005
Telephone:  (202) 507-7523
Fax:  (202) 742-5619

*Attorneys for Plaintiff American Immigration Lawyers Association*