## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN IMMIGRATION LAWYERS ASSOCIATION**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF HOMELAND SECURITY** *et al.*, <br><br> Defendants. | Case No. 1:16-cv-02470 (TNM) |

## MEMORANDUM ORDER

Plaintiff American Immigration Lawyers Association ("AILA") is a non-profit organization that provides to the public continuing legal education and information regarding immigration issues and policy. Compl. ¶ 20, ECF No. 2. This content includes agency guidance, interpretations, and policy memoranda. *Id.* In July 2013, AILA submitted a Freedom of Information Request ("FOIA") to the United States Customs and Border Protection ("CBP"), a component of the Department of Homeland Security (collectively, the "Government"), seeking documents pertaining to any instructions disseminated to customs officers at United States ports-of-entry about the discontinuation of the Inspector's Field Manual ("IFM"), the implementation of the Officer's Reference Tool ("ORT"), as well as the "portions of the ORT that have been finalized and implemented for use in the field-ports-of-entry." *Id.* ¶ 30.

After more than three years without receiving the requested information, AILA filed a Complaint seeking an order requiring the Government to process and produce records responsive to its request. *Id.* at 11. The Government produced responsive records to AILA between March and June 2017, the sum total of which consisted of: (i) a one-page memorandum and one-page

muster[1] relating to the discontinuation of the IFM; (ii) a 25-page index of Chapter 11 of the ORT, with 31 document titles redacted;[2] and (iii) a one-page index of Chapter 12 of the ORT. Pl.'s Opp. 4-5. The Government states that Chapters 11 and 12 are the only parts of the ORT that are drafted to date, and has moved for summary judgment on the bases that its search for responsive records was adequate and that its redactions are proper. Mem. of P. & A. in Supp. of Defs.' Mot. for Summary J. ("Defs.' Mot. for Summary J.") 7-14, ECF No. 16. AILA has moved for limited discovery to depose the authors of two declarations submitted by the Government in support of its motion. Pl.'s Mot. for Limited Discovery 1, ECF No. 20.

Upon consideration of the Government's Motion for Summary Judgment, the pleadings, relevant law, and related legal memoranda in opposition and in support, I find that the Government has not "demonstrate[d] beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine, Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995). With respect to AILA's request about the discontinuation of the IFM and implementation of the ORT, the Government's affidavits, which I afford a "presumption of good faith," are not "reasonably detailed" so that it can be determined that the search methods used were "reasonably expected to produce the information requested." *See SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The Government summarily attested that it "disclosed additional records relating to the discontinuation of the Inspector's Field Manual

---

[1] A muster is a briefing document that is communicated to CBP personnel at the beginning of a work shift or on a regular basis. Pl.'s Combined Opp. to Defs.' Mot. for Summary J. and Mem. in. Supp. of Mot. for Limited Discovery ("Pl.'s Opp.") 4 n.4, ECF No. 17.

[2] The index was originally produced with 66 document titles redacted; the Government thereafter produced a second version of the document which removed 35 of the redactions. Pl.'s Opp. 18-19.

(IFM) to AILA" and that "[a]s the ORT has not been drafted, CBP did not locate any documents related to the implementation of the ORT." Decl. of Patrick Howard ¶ 7, ECF No. 16-2. These perfunctory statements do not detail how the agency went about its search and why those methods are appropriate to produce the information requested. Although the agency is not required to search every system if additional searches are unlikely to produce any marginal return, here, the Government has utterly failed to describe the systems searched, much less why its method is "reasonably calculated to uncover all relevant documents." *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 208 (D.C. Cir. 1998); *Nation Magazine*, 71 F.3d at 890. Without further explanation—for example, "which files were searched or by whom," *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980) or "which files or record systems were examined . . . and how any searches were conducted, including, where relevant, which search terms were used to hunt within electronically stored materials," *Reporters Comm. for Freedom of Press v. F.B.I.*, 877 F.3d 399, 404 (D.C. Cir. 2017)—granting summary judgment on the adequacy of the Government's search is premature.

With respect to AILA's request for the "finalized and implemented portions of the ORT," since the ORT was not yet finalized at the time of the Government's search, the Government liberally construed the request as seeking a working substitute. Defs.' Mot. for Summary J. 9; *see also Nation Magazine*, 71 F.3d at 890 ("[A]n agency also has a duty to construe a FOIA request liberally."). The Government then produced the "only two parts of the ORT that exist— Chapter 11 and Chapter 12." Decl. of James Ryan Hutton ¶ 6, ECF No. 16-2. Both of these chapters are indices that list "various policies, memoranda, guides, manuals, musters" and the applicable "laws, regulations and government systems." *Id.* ¶¶ 7-8. Neither chapter, however, itself contains the underlying information but rather provides links to access the documents,

websites, or systems. *Id.* The Government argues that because the chapters only provide cross-references to the underlying documents, and "[m]ere reference to other files does not establish the existence of documents that are relevant to [a] FOIA request," *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994), its search was responsive to AILA's request which only sought "the *portions* of the ORT that have been finalized and implemented for use in the field." Reply to Pl.'s Opp. 7, ECF No. 23.[3] The Government's position is too clever by half. While it properly liberally construed AILA's request to produce a working substitute in lieu of a finalized manual, the Government adopted a hyper-technical approach to the contents of the manual. It is clear that AILA, as an organization that provides information about immigration issues and policy to the public, sought the Government's policies and procedures with respect to entry into the United States. Thus, a reading that constrains AILA's request merely to an index of applicable policies of documents, but not a review, at minimum, of those policies or documents for responsiveness is too narrow. The Government is obligated to review and disclose responsive records—to include the underlying policies or documents that make up the

---

[3] *Steinberg* involved a FOIA request seeking information about the United States' release of information to Swedish authorities about the 1986 assassination of Swedish Prime Minister Olaf Palme. *Id.* at 549-50. On appeal, the FOIA requestor argued that the district court erroneously granted summary judgment on the adequacy of the search because the FBI failed to review 19 documents and 6 files cross-referenced in several disclosed documents. *Id.* at 552. The D.C. Circuit affirmed the district court's finding that "[t]here is no doubt about completeness" of the search and that explained that the cross-references, on their own, did not establish that other responsive documents existed. *Id.* Dissimilar circumstances are presented here, where the existence of these records—"various policies, memoranda, guides, manuals, musters and other related documents"—is not contested. *See* Decl. of James Ryan Hutton ¶ 7. Instead of arguing that other responsive records do not exist at all, the Government here argues the technicality that they do not exist within Chapter 11, as it only "provides a link to access the documents." *See id.* This is incongruous with the Government's obligation to conduct "a search reasonably calculated to uncover all relevant documents." *See Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007).

ORT—unless the records fall into one of FOIA's statutory exemptions or there is another recognized legal objection to this disclosure.

Given these determinations, I reserve judgment on whether the Government's redactions on select titles of memorandums, musters, and other documents listed in Chapter 11's index are appropriate. *See* Decl. of James Ryan Hutton ¶¶ 9-11. Although it may be that some responsive information may be properly withheld under FOIA's law enforcement exemption, in light of my determination that the Government's search and review of documents responsive to AILA's request was insufficient to merit summary judgment, it is premature at this stage to conduct this analysis. Instead, this question is properly considered, if still applicable, upon completion of an adequate search and response to AILA's request. Additionally, given my determination that the Government has not explained its search methodology "with the specificity [that] precedent requires," *Reporters Comm.*, 877 F.3d at 403, discovery would also be premature and is therefore unwarranted at this time.

For the foregoing reasons, it is hereby

**ORDERED** that the Defendants' Motion for Summary Judgment is DENIED. It is further

**ORDERED** that Plaintiff's Motion for Discovery is DENIED.

**SO ORDERED**.

Dated: March 30, 2018

TREVOR N. MCFADDEN
United States District Judge